

CHIEF JUSTICE
JAMES T. WORTHEN

CLERK
CATHY S. LUSK

**TWELFTH COURT OF APPEALS**

JUSTICES
SAM GRIFFITH
DIANE DEVASTO

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Monday, October 31, 2005

Howard Vanzandt Williams
#539975
Beto 1 Unit  P-129
P. O. Box 128
Tennessee Colony, TX 75880

Hon. Gregory W. Abbott
Texas Attorney General
209 West 14th Street
P. O. Box 12548
Austin, TX 78711-2548

**RE:**   Case Number:            12-04-00153-CV
       Trial Court Case Number:   39655

**Style:**  Howard Vanzandt Williams
        v.
        T.D.C.J.-I.D., Douglas Dretke, Raymond Thompson and Others Names Unknown

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause.  Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: *Katrina McClenny*
     Katrina McClenny, Chief Deputy Clerk

CC:      Hon. James N. Parsons III
         Hon. John Ovard
         Ms. Janice Staples

# NO. 12-04-00153-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HOWARD VANZANDT WILLIAMS,* <br> *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT OF* |
| *T.D.C.J.–I.D., DOUGLAS DRETKE,* <br> *RAYMOND THOMPSON AND* <br> *OTHERS NAMES UNKNOWN* <br> *APPELLEES* | | |
| | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Howard Vanzandt Williams, an inmate in the Texas Department of Criminal Justice–Institutional Division (TDCJ), proceeding pro se, filed an in forma pauperis suit against TDCJ, Douglas Dretke, Raymond Thompson, and "Others (names unknown)." Williams appeals the trial court's order dismissing his suit pursuant to Texas Civil Practice and Remedies Code, section 14.003. Williams raises four issues on appeal. We modify and, as modified, affirm.

## BACKGROUND

Williams is an inmate at the Beto Unit in Tennessee Colony, Texas. While incarcerated, Williams filed a civil suit against TDCJ, Dretke, Thompson, and others unknown, alleging causes of action for gross negligence and deprivation of due process, equal protection, and liberties under the Texas Tort Claims Act section 101.021 and title 42 of the United States Code sections 1981, 1983, and 1985 (b). Along with his original petition, Williams also filed a declaration of previous

lawsuits, in which he listed seventeen previously-filed lawsuits. In the declaration, Williams set forth generally the legal theories raised in each suit, but did not describe in detail the facts giving rise to each of the suits.

On April 22, 2004, without conducting a hearing, the trial court found that Williams's suit was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and Remedies Code, section 14.003. This appeal followed.

## DISMISSAL PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 14

In four issues, Williams argues that the trial court's dismissal was improper. Specifically, Williams alleges that the trial court denied him due process, equal protection of law, and "due course provisions of law." He further contends that the trial court abused its discretion by disregarding his "rights to sue and defend as set out in the 1st and 14th amendments," and by disregarding his rights "as set out in the 8th and 14th amendments" by allowing his confinement to "continuously be had in order that Appellees and those acting in concert with them can cause the demise of Appellant by arbitrary and capricious means."

### Standard of Review

We review the trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate, (2) the government bears the cost of an in forma pauperis suit, (3) sanctions are not effective, and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990).

### Applicable Law and Discussion

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an

inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.[1] TEX. CIV. PRAC. & REM. CODE ANN. §14.002(a) (Vernon 2002); *Hickson,* 926 S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the "same operative facts." *Id.* § 14.003(b)(4). To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or unsworn declaration describing all other suits the inmate has previously brought and stating the "operative facts" upon which relief was sought in each suit. *Id.* § 14.004(a)(2)(A). The affidavit must also disclose whether the prior suits were dismissed as frivolous or malicious and provide the dates of the final orders affirming the dismissals. *Id.* §§ 14.004(a)(2)(D), 14.004(b).

In the instant case, the record contains no affidavits or unsworn declarations in compliance with section 14.004 of the Texas Civil Practice and Remedies Code. Although Williams filed a declaration listing previous lawsuits filed, he failed to sufficiently set forth in detail the "operative facts" upon which relief was sought in each suit. Instead, to the best of his memory, Williams stated the legal theories that he raised in each of the previous 17 suits listed, such as "retaliatory conspiracy," "denial of religious practice," "use of excessive force," and "illegal disciplinary convictions used as a means to circumvent and extend sentences." Without a more detailed description of the operative facts upon which Williams's previous lawsuits were based, the trial court was unable to consider whether Williams's current claim was substantially similar to his previous claims. *See Bell v. Texas Dep't of Criminal Justice–Inst'l Div.,* 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). Williams also failed to state whether the prior suits were dismissed as frivolous or malicious and the dates of the final orders affirming the dismissals. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a)(2)(D), 14.004(b).

When an inmate files an affidavit or declaration that fails to comply with the requirements of section 14.004, "the trial court is entitled to assume that the suit is substantially similar to one

---

[1] Chapter 14 does not apply to suits brought under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

previously filed by the inmate, and therefore, frivolous." *Bell*, 962 S.W.2d at 158. Thus, we conclude that the trial court did not abuse its discretion when it dismissed Williams's suit. *Id.* Accordingly, we overrule Williams's issues one, two, three, and four.

## DISMISSAL WITH PREJUDICE

When an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's suit, it should consider whether the suit was dismissed with prejudice and, if so, determine whether the inmate's error could be remedied through more specific pleading. *See Thomas v. Skinner*, 54 S.W.3d 845, 846-47 (Tex. App.–Corpus Christi 2001, pet. denied). A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999). Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630-31 (Tex. 1992). On the other hand, a dismissal for failure to comply with the conditions in section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under chapter 14 of the Texas Civil Practice and Remedies Code. *See Thomas v. Knight*, 52 S.W.3d 292, 295 (Tex. App.–Corpus Christi 2001, pet. denied); *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.–Houston [14th Dist.] 2000, no pet.). A dismissal with prejudice is improper if the plaintiff's failure can be remedied by more specific pleading. *See Hickman*, 35 S.W.3d at 124.

In *Thomas*, the trial court improperly dismissed with prejudice the petitioner's case when the petitioner failed to include an affidavit or declaration describing each suit that he had previously filed as required to be in compliance with section 14.004. *Thomas* 54 S.W.3d at 846-47. The appellate court reasoned that Thomas's failure to comply with chapter 14 could have been remedied through amendment of his pleadings. *Id.* at 847. Likewise, we conclude that Williams's error could have been remedied through more specific pleading. Thus, the trial court's dismissal with prejudice was improper.

4

**DISPOSITION**

We modify the trial court's order of dismissal by deleting the words "with prejudice" and substituting in their place the words "without prejudice." As modified, we *affirm* the trial court's dismissal order.

_SAM GRIFFITH_
Justice

Opinion delivered October 31, 2005.

*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*

(PUBLISH)

5



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

OCTOBER 31, 2005

## NO. 12-04-00153-CV

**HOWARD VANZANDT WILLIAMS,**

Appellant

V.

**T.D.C.J.–I.D., DOUGLAS DRETKE, RAYMOND THOMPSON**

**AND OTHERS NAMES UNKNOWN,**

Appellee

---

Appeal from the 3rd Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 39655)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this court that the judgment of the trial court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be modified to delete the words "with prejudice" and substitute in their place the words "without prejudice" and as modified, the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.

*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*