NO. 12-04-00153-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
HOWARD VANZANDT WILLIAMS,              §                 APPEAL FROM THE THIRD
APPELLANT

V. 
§JUDICIAL DISTRICT COURT OF
T.D.C.J.–I.D., DOUGLAS DRETKE,                 
RAYMOND THOMPSON AND
OTHERS NAMES UNKNOWN
APPELLEES                                                      §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Howard Vanzandt Williams, an inmate in the Texas Department of Criminal
Justice–Institutional Division (TDCJ), proceeding pro se, filed an in forma pauperis suit against
TDCJ, Douglas Dretke, Raymond Thompson, and “Others (names unknown).” Williams appeals
the trial court’s order dismissing his suit pursuant to Texas Civil Practice and Remedies Code,
section 14.003. Williams raises four issues on appeal. We modify and, as modified, affirm.
 
Background
            Williams is an inmate at the Beto Unit in Tennessee Colony, Texas. While incarcerated,
Williams filed a civil suit against TDCJ, Dretke, Thompson, and others unknown, alleging causes
of action for gross negligence and deprivation of due process, equal protection, and liberties under
the Texas Tort Claims Act section 101.021 and title 42 of the United States Code sections 1981,
1983, and 1985 (b). Along with his original petition, Williams also filed a declaration of previous
lawsuits, in which he listed seventeen previously-filed lawsuits. In the declaration, Williams set
forth generally the legal theories raised in each suit, but did not describe in detail the facts giving rise
to each of the suits.
            On April 22, 2004, without conducting a hearing, the trial court found that Williams’s suit
was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and
Remedies Code, section 14.003. This appeal followed.
 
Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In four issues, Williams argues that the trial court’s dismissal was improper. Specifically,
Williams alleges that the trial court denied him due process, equal protection of law, and “due course
provisions of law.” He further contends that the trial court abused its discretion by disregarding his
“rights to sue and defend as set out in the 1st and 14th amendments,” and by disregarding his rights
“as set out in the 8th and 14th amendments” by allowing his confinement to “continuously be had
in order that Appellees and those acting in concert with them can cause the demise of Appellant by
arbitrary and capricious means.” 
Standard of Review
            We review the trial court’s dismissal of an in forma pauperis suit under an abuse of discretion
standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court
abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or
principles. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no
pet.). The trial courts are given broad discretion to determine whether a case should be dismissed
because (1) prisoners have a strong incentive to litigate, (2) the government bears the cost of an in
forma pauperis suit, (3) sanctions are not effective, and (4) the dismissal of unmeritorious claims
accrues to the benefit of state officials, courts, and meritorious claimants. See Montana v.
Patterson, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ). We will affirm a dismissal
if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990).
Applicable Law and Discussion
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.


 
Tex. Civ. Prac. & Rem. Code Ann. §14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398. 
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2). In determining whether a claim is frivolous or malicious, a trial court may consider
whether the claim is substantially similar to a previous claim filed by the inmate because the claim
arises out of the “same operative facts.” Id. § 14.003(b)(4). To enable a trial court to determine
whether the suit is substantially similar to a previous one, an inmate is required to file a separate
affidavit or unsworn declaration describing all other suits the inmate has previously brought and
stating the “operative facts” upon which relief was sought in each suit. Id. § 14.004(a)(2)(A). The
affidavit must also disclose whether the prior suits were dismissed as frivolous or malicious and
provide the dates of the final orders affirming the dismissals. Id. §§ 14.004(a)(2)(D), 14.004(b). 
            In the instant case, the record contains no affidavits or unsworn declarations in compliance
with section 14.004 of the Texas Civil Practice and Remedies Code. Although Williams filed a
declaration listing previous lawsuits filed, he failed to sufficiently set forth in detail the “operative
facts” upon which relief was sought in each suit. Instead, to the best of his memory, Williams stated
the legal theories that he raised in each of the previous 17 suits listed, such as “retaliatory
conspiracy,” “denial of religious practice,” “use of excessive force,” and “illegal disciplinary
convictions used as a means to circumvent and extend sentences.” Without a more detailed
description of the operative facts upon which Williams’s previous lawsuits were based, the trial court
was unable to consider whether Williams’s current claim was substantially similar to his previous
claims. See Bell v. Texas Dep’t of Criminal Justice–Inst’l Div., 962 S.W.2d 156, 158 (Tex.
App.–Houston [14th Dist.] 1998, pet. denied). Williams also failed to state whether the prior suits
were dismissed as frivolous or malicious and the dates of the final orders affirming the dismissals. 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(a)(2)(D), 14.004(b). 
            When an inmate files an affidavit or declaration that fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. Thus, we
conclude that the trial court did not abuse its discretion when it dismissed Williams’s suit. Id. 
Accordingly, we overrule Williams’s issues one, two, three, and four.
 
Dismissal with Prejudice
            When an appellate court reviews whether a trial court abused its discretion in dismissing an
inmate’s suit, it should consider whether the suit was dismissed with prejudice and, if so, determine
whether the inmate’s error could be remedied through more specific pleading. See Thomas v.
Skinner, 54 S.W.3d 845, 846-47 (Tex. App.–Corpus Christi 2001, pet. denied). A dismissal with
prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and
decided. See Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999). Thus, orders dismissing cases
with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation
of the same causes of action or issues between the same parties. See Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 630-31 (Tex. 1992). On the other hand, a dismissal for failure to comply with the
conditions in section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court’s
discretion under chapter 14 of the Texas Civil Practice and Remedies Code. See Thomas v. Knight,
52 S.W.3d 292, 295 (Tex. App.–Corpus Christi 2001, pet. denied); Hickman v. Adams, 35 S.W.3d
120, 124 (Tex. App.–Houston [14th Dist.] 2000, no pet.). A dismissal with prejudice is improper
if the plaintiff’s failure can be remedied by more specific pleading. See Hickman, 35 S.W.3d at 124.            In Thomas, the trial court improperly dismissed with prejudice the petitioner’s case when
the petitioner failed to include an affidavit or declaration describing each suit that he had previously
filed as required to be in compliance with section 14.004. Thomas 54 S.W.3d at 846-47. The
appellate court reasoned that Thomas’s failure to comply with chapter 14 could have been remedied
through amendment of his pleadings. Id. at 847. Likewise, we conclude that Williams’s error could
have been remedied through more specific pleading. Thus, the trial court’s dismissal with prejudice
was improper.
 
 
Disposition
            We modify the trial court’s order of dismissal by deleting the words “with prejudice” and
substituting in their place the words “without prejudice.” As modified, we affirm the trial court’s
dismissal order.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered October 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)