NUMBER 13-01-021-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 

DAN THOMAS , Appellant,


v.


MS. SKINNER, OFFICER 3, Appellee.

 

On appeal from the 411th District Court

of Polk County, Texas.

 

O P I N I O N


Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Rogelio Valdez


This is an appeal by Dan Thomas ("Thomas"), from an order dismissing with prejudice his pro se, in forma pauperis suit
under Chapter 14 of the Texas Civil Practice and Remedies Code. The Polk County trial court dismissed Thomas's lawsuit
with prejudice as frivolous, and assessed costs against Thomas. We modify the trial court's ruling and as modified,
AFFIRM.

STATEMENT OF FACTS

Thomas, an inmate at the Terrell Unit of the Department of Criminal Justice, brought a suit in forma pauperis against
Caren Skinner. His suit alleged various constitutional rights were violated when Skinner denied Thomas his breakfast on
October 19, 1999. Thomas also filed an unsworn declaration of his inability to pay costs. 

However, Thomas failed to include an affidavit or declaration describing each suit that he has previously brought, as
required by section 14.004 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.004
(Vernon Supp. 1999). Therefore, the trial court dismissed the lawsuit, with prejudice, as failing to comply with section
14.004. Further, in a separate order, the trial court assessed costs against Thomas. Hence, in two issues, Thomas
complains on appeal the trial court erred by dismissing his lawsuit "with prejudice," and improperly assessed court costs
against him.

ANALYSIS

In his first issue, Thomas asserts the trial court erred in dismissing his lawsuit "with prejudice." In this case, the trial court
dismissed Thomas's suit because he failed to file an affidavit or declaration describing each suit he has previously brought
as required by section 14.004. When reviewing a dismissal under chapter 14, the standard of review on appeal is for abuse
of discretion. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.-Waco 1996, no writ). Abuse of discretion is determined
by whether the court acted without reference to any guiding principles. Id. 

Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and
decided. Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999). Thus, orders dismissing cases with prejudice have full res
judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the
same parties. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 630-31 (Tex. 1992).

In this case, the court's dismissal with prejudice acts as a bar to any suit arising out of the same facts, brought by appellant
against appellees. A dismissal for failure to comply with the conditions in section 14.004 is not a dismissal on the merits,
but rather an exercise of the trial court's discretion under chapter 14 of the Civil Practice and Remedies Code. Thomas v.
Knight, 2001 Tex. App. LEXIS 4303, *7-8 (Tex. App.-Corpus Christi, June 28, 2001, no pet); Hickman v. Adams, 35
S.W.3d 120, 124 (Tex. App.-Houston [14th Dist.] 2000, no pet.). Further, dismissal with prejudice is improper if the
plaintiff's failure can be remedied. Hickman, 35 S.W.3d at 125. When an appellate court reviews whether a trial court
abused its discretion in dismissing an inmate's suit, it should consider whether the suit was dismissed with prejudice and if
so, determine whether the inmate's error could be remedied through more specific pleading. Id. at 124. In the present case,
we find that Thomas's failure to comply with chapter 14 could have been remedied through amendment. Therefore, we
sustain Thomas's first issue.

Next, in his second issue, Thomas contends the trial court abused its discretion by ordering him to pay the court costs and
fees for his lawsuit. Thomas argues that his lawsuit was filed in forma pauperis, and thus, he should be relieved of his duty
to pay court costs. Under section 14.006, a court may order an inmate who has filed a claim to pay court costs in
accordance with chapter 14. Tex. Civ. Prac. & Rem. Code Ann. §14.006 (Vernon Supp. 2001). 

After determining that Thomas had incurred court costs and fees in the amount of $213.00, the trial court ordered him to
pay said amount out of his Inmate Trust Account as follows:

Pay an initial amount equal to the lessor of

 


 20% of the preceding six month's deposits in the Inmate's Trust Account; or


 


 The total amount of fees and costs


In each month following in which the initial payment is made above, the inmate shall pay an amount equal to the lesser of:

 


 10% of that month's deposit to the Inmate Trust Account; or


 


 The total amount of fees that remain unpaid. 


Payments are to continue until the total amount certified is paid, or the inmate is released from confinement.



The trial court's order follows sections 14.006(b),(c), and (d) of the Civil Practice and Remedies Code. Tex. Civ. Prac. &
Rem. Code. Ann. § 14.006 (b),(c), & (d) (Vernon Supp. 2001). We hold the trial court did not abuse its discretion in
ordering that Thomas pay the costs and fees incurred in the underlying suit. Appellant's second issue is overruled.
CONCLUSION

We modify the trial court's order of dismissal by deleting the words "with prejudice" and substitute the words "without
prejudice." As modified, the trial court's dismissal order is affirmed. The trial court's order assessing all costs against
Thomas is also affirmed. 



____________________ 

ROGELIO VALDEZ

Chief Justice




Publish .

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 23rd day of August, 2001.