In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00116-CV
______________________________


ROY JON, Appellant
 
V.
 
VICTOR TUATAGOLA, OTIS BRUCE, CHAUNCEY MILES, RODNEY
DIXON, AND TEXAS DEPARTMENT OF CRIMINAL
JUSTICE–INSTITUTIONAL DIVISION, Appellees


                                              

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 04C1327-005


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Roy Jon, an indigent inmate proceeding without counsel, filed suit September 27,
2004, against Victor Tuatagola, Otis Bruce, Chauncey Miles, and Rodney Dixon, in their
individual capacities, alleging assault, with personal injuries, and a subsequent denial of
needed medical care. Jon also sued the Texas Department of Criminal
Justice–Institutional Division under a theory of negligent supervision. Jon's original petition
alleged the underlying altercation between himself and the defendants occurred
November 23, 2000. 
          The case was assigned to the 202nd Judicial District Court as cause number 04-C-1327-202, but was later transferred to the Fifth Judicial District Court, also of Bowie
County. The case was thereafter referred to a special master for review. The special
master's report to the trial court recommended the case be dismissed because Jon had
"(1) failed to allege (and file the proof required by the law) that he had exhausted, in a
timely fashion, his administrative remedies; (2) failed to file a proper affidavit with respect
to prior filings; and (3) failed to file his cause within the time specified [for inmates who wish
to proceed without filing costs]." On August 31, 2005, the trial court formally dismissed
Jon's suit, with prejudice, after finding that Jon had not complied with the requirements of
Chapter 14 of the Texas Civil Practice and Remedies Code. Jon filed his notice of appeal
the same day. Jon now raises six points of error.



I. Appointment of a Special Master
          In his first point of error, Jon contends the trial court erred by appointing a special
master to review this lawsuit and make recommendations to the trial court. "As a
prerequisite to presenting a complaint for appellate review, the record must show that
. . . the complaint was made to the trial court by a timely request, objection, or motion . . . ." 
Tex. R. App. P. 33.1(a). The record before us does not show Jon raised this issue at the
trial court level. 
          Jon contends he was not given an opportunity to object at the trial court level
because the trial court dismissed the lawsuit on the same date the special master's report
was filed. However, Jon filed his notice of appeal on the same date the trial court
dismissed the lawsuit. Because the trial court's order of dismissal references the master's
report, Jon knew of the appointment of the master by the time of the court's order. He,
therefore, could have raised this issue at the trial court level by filing a motion for new trial. 
See Tex. R. App. P. 21.2 (motion for new trial is prerequisite to presenting point of error on
appeal when necessary to adduce facts not in record). Jon did not file a motion for new
trial.


 
          Therefore, because this issue was not raised at the trial court level, it is not
preserved for appellate review. See Tex. R. App. P. 33.1(a). We overrule Jon's first point
of error.
II. Dismissal with Prejudice
          In his second point of error, Jon ostensibly argues that our prior decision in Jon v.
Tuatagola, No. 06-03-00103-CV, did not prevent him from refiling his suit against the
appellees in this case, that the statute of limitations was tolled by the prior suit, and that
the trial court abused its discretion by dismissing the instant case "with prejudice." Jon
then asserts the trial court's dismissal violates the open courts provision of the Texas
Constitution. In his fifth point of error, Jon again contends the trial court erred in finding the
statute of limitations barred Jon's lawsuit.
 

A. Dismissing Jon's Suit "With Prejudice"
          We review a trial court's decision to dismiss an inmate's claim subject to Chapter 14
under an abuse of discretion standard. To establish an abuse of discretion, an appellant
must show the trial court's actions were arbitrary or unreasonable in light of all the
circumstances. We must ask whether the trial court acted without reference to any guiding
rules or principles. Spurlock v. Schroedter, 88 S.W.3d 733, 735–36 (Tex. App.—Corpus
Christi 2002, no pet.).
          Section 14.005(b) of the Civil Practice and Remedies Code states, "A court shall
dismiss a claim if the inmate fails to file the claim before the 31st day after the date the
inmate receives the written decision from the grievance system." Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(b) (Vernon 2002). The clerk's record in our previous opinion shows
Jon filed Step 1 and Step 2 grievances with the Department. The Department resolved the
Step 2 grievance January 24, 2001, by referring Jon's complaint to the Internal Affairs
Division. The record in this case suggests Jon received notice of that disposition
February 11, 2001. Ten days later, Jon filed the prior lawsuit. The trial court, however,
dismissed the suit with prejudice May 29, 2001. Jon appealed, and this Court affirmed the
dismissal, but modified the judgment to a dismissal without prejudice. Jon, 2004 Tex. App.
LEXIS 2043, at *4; cf. Thomas v. Skinner, 54 S.W.3d 845, 846–47 (Tex. App.—Corpus
Christi 2001, pet. denied). Our mandate in that appeal issued May 12, 2004. 
          Assuming, without deciding, that Jon's prior appeal tolled all deadlines under the
doctrine of equitable tolling,


 and that Jon's initial filing deadline was allowed to start anew
following the conclusion of his prior appeal, the best case scenario for Jon would have
required him to refile his lawsuit within thirty-one days from May 12, 2004, the date on
which we issued our mandate in the prior appeal. Jon, however, did not file the present
lawsuit until September 21, 2004—more than four months later. Jon's petition was,
therefore, patently untimely under any scenario. And unlike the situation presented in
Jon's prior appeal or in Thomas, 54 S.W.3d at 846–47 (inmate's failure to comply with
Chapter 14 could be remedied by amending petition and accompanying affidavits), the time
bar now presented cannot be remedied by Jon. Therefore, a dismissal with prejudice was
proper. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b); cf. Diamond, 105 S.W.3d at
697 (where trial court properly dismissed suit with prejudice on statute of limitations, any
collateral error ostensibly influencing decision to dismiss is harmless).
B. Article 14.005(b) and the "Open Courts" Provision of the Texas Constitution
          Jon also contends Chapter 14 of the Civil Practice and Remedies Code violates the
open courts provision of the Texas Constitution. See Tex. Const. art. I, § 13. "An open
courts challenge has a two-part test: 'First, it must be shown that the litigant has a
cognizable common law cause of action that is being restricted. Second, the litigant must
show that the restriction is unreasonable or arbitrary when balanced against the purpose
and basis of the statute.'" Thomas v. Bush, 23 S.W.3d 215, 218 (Tex. App.—Beaumont
2000, pet. denied) (quoting Sax v. Votteler, 648 S.W.2d 661, 666 (Tex. 1983)).
          Jon's brief makes no attempt to show how or why Jon believes the restrictions
imposed by Chapter 14 are unreasonable or arbitrary. As such, this issue has not been
adequately briefed and is overruled as such. See Tex. R. App. P. 38.1(h); cf. Dallas Fire
Fighters Ass'n v. Booth Research Group, Inc., 156 S.W.3d 188, 196 (Tex. App.—Dallas
2005, pet. denied).
          We overrule Jon's second and fifth points of error.
III. Exhaustion of Administrative Remedies
          In his third point of error, Jon contends the trial court erred by finding Jon had failed
to exhaust his administrative remedies. Our law provides:(a) An inmate who files a claim that is subject to the grievance system
established under Section 501.008, Government Code, shall file with the
[trial] court: 
(1) an affidavit or unsworn declaration stating the date that the
grievance was filed and the date the written decision described by
Section 501.008(d), Government Code, was received by the inmate; and 
(2) a copy of the written decision from the grievance system. 
(b) A court shall dismiss a claim if the inmate fails to file the claim before
the 31st day after the date the inmate receives the written decision from the
grievance system.
 
Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon 2002).
          Jon is correct: the records from Jon's appeal in 06-03-00103-CV show that Jon
completed both the Step 1 and Step 2 grievance processes before he filed this lawsuit. 
However, this issue is moot because Jon failed to refile his case within thirty-one days of
the date we issued our mandate. Accordingly, we overrule Jon's third point of error as
moot.
IV. Affidavit of Prior Lawsuits
          In his fourth point of error, Jon contends the trial court erred in finding that his
affidavit regarding prior lawsuits was insufficient to meet the requirements of Article 14.004,
which provides:
(a) An inmate who files an affidavit or unsworn declaration of inability to
pay costs shall file a separate affidavit or declaration:
(1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was an
inmate at the time the suit was brought; and
(2) describing each suit that was previously brought by:
(A) stating the operative facts for which relief was sought;
(B) listing the case name, cause number, and the court in which
the suit was brought; 
(C) identifying each party named in the suit; and
(D) stating the result of the suit, including whether the suit was
dismissed as frivolous or malicious under Section 13.001 or Section
14.003 or otherwise.
(b) If the affidavit or unsworn declaration filed under this section states
that a previous suit was dismissed as frivolous or malicious, the affidavit or
unsworn declaration must state the date of the final order affirming the
dismissal.
(c) The affidavit or unsworn declaration must be accompanied by the
certified copy of the trust account statement required by Section 14.006(f).
 
Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002).
          Again, regardless of whether Jon's affidavit "substantially complies," as he contends
it does, with all the requirements of Chapter 14, Jon still cannot obtain a reversal of the trial
court's dismissal with prejudice because Jon cannot overcome his failure to timely refile
his lawsuit. We therefore overrule Jon's fourth point of error.
V. Dismissal of Jon's Civil Rights Claim
          In his final point of error, Jon contends the trial court erred by dismissing his civil
rights claim after concluding Jon had failed to allege a viable cause of action. As
previously discussed, the trial court properly dismissed Jon's lawsuit with prejudice
because the suit was untimely filed. Accord Diamond, 105 S.W.3d at 697. Alternatively,
Jon's briefing of this final point of error has not directed our attention to any location in the
record that would arguably support his position. As such, Jon has not adequately briefed
this issue for our review. See Tex. R. App. P. 38.1(h).
          We overrule Jon's final point of error.
 

VI. Conclusion
          For the reasons stated, we hold the trial court properly dismissed Jon's lawsuit, with
prejudice, because Jon failed to timely refile his lawsuit following the issuance of our
mandate in the prior appeal. We therefore affirm the trial court's judgment.
 

                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      January 27, 2006
Date Decided:         February 2, 2006