NO.
12-05-00166-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

HOWARD
VANZANDT WILLIAMS,         §          APPEAL FROM THE 369TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

TDCJ–ID,
ROBERT HERRERA, 

NEAL
WEBB, DAVID MCDOWELL,        

DARRELL
MEISSNER, CHRISTY BERNAS, 

KATHY A. HOCKEBY, AND “OTHERS   §          ANDERSON
COUNTY, TEXAS

[NOT]
NAMED AT THIS TIME,”

APPELLEES




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Howard
VanZandt Williams, an inmate in the Texas Department of Criminal Justice–Institutional
Division (TDCJ), proceeding pro se, filed an in forma pauperis suit against
TDCJ, Robert Herrera, Neal Webb, David McDowell, Darrell Meissner, Christy
Bernas, Kathy A. Hockeby, and “Others [Not] Named at this Time.”  Williams appeals the trial court’s order
dismissing his suit pursuant to Texas Civil Practice and Remedies Code, section
14.003.  Williams raises four issues on
appeal.  We modify and, as modified,
affirm.                                                          

 

Background








            Williams is an inmate at the Beto
Unit in Tennessee Colony, Texas.  While
incarcerated, Williams filed a civil suit against TDCJ, Herrera, Webb,
McDowell, Meissner, Bernas, Hockeby, and others unknown, alleging causes of
action for retaliatory conspiracy and denial of “legal rights,” in violation of
the First, Eighth, and Fourteenth Amendments under the United States
Constitution, the Texas Tort Claims Act section 101.021, title 42 of the United
States Code sections 1981, 1983, 1985, 1997, and 2000, and sections 171-176 of
the Texas Government Code.  Along with
his original petition, Williams also filed a declaration of previous lawsuits,
in which he listed twenty-two previously filed lawsuits.  In the declaration, Williams set forth
generally the legal theories raised in each suit, but did not describe in
detail the facts giving rise to each of the suits.

            On April 27, 2005, without
conducting a hearing, the trial court found that Williams’s suit was frivolous
or malicious and dismissed it with prejudice pursuant to Texas Civil Practice
and Remedies Code, section 14.003.  This
appeal followed.

 

Dismissal Pursuant
to Texas Civil Practice and Remedies Code Chapter 14








            In four issues, Williams argues that
the trial court’s dismissal was improper. 
Specifically, Williams alleges that the trial court denied him due
process, equal protection of law, and “rights to liberty” after satisfying his
required sentence.  He further contends
the trial court’s dismissal constitutes cruel and unusual punishment in
violation of the First, Eighth, and Fourteenth Amendments.   

Standard of
Review








            We review the trial court’s
dismissal of an in forma pauperis suit under an abuse of discretion
standard.  Hickson v. Moya,
926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan,
981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.).  The trial courts are given broad discretion
to determine whether a case should be dismissed because (1) prisoners have a
strong incentive to litigate, (2) the government bears the cost of an in forma
pauperis suit, (3) sanctions are not effective, and (4) the dismissal of
unmeritorious claims accrues to the benefit of state officials, courts, and
meritorious claimants. See Montana v. Patterson, 894 S.W.2d
812, 814-15 (Tex. App.–Tyler 1994, no writ). 
We will affirm a dismissal if it was proper under any legal theory.  Johnson v. Lynaugh, 796 S.W.2d
705, 706-07 (Tex. 1990).

Applicable Law
and Discussion








            Chapter 14 of the Texas Civil
Practice and Remedies Code controls suits brought by an inmate in which the
inmate has filed an affidavit or unsworn declaration of inability to pay costs.[1]  Tex.
Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926
S.W.2d at 398.  Section 14.003 provides
that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2).  In determining whether a claim is frivolous
or malicious, a trial court may consider whether the claim is substantially
similar to a previous claim filed by the inmate because the claim arises out of
the “same operative facts.”  Id.
§ 14.003(b)(4).  To enable a trial court
to determine whether the suit is substantially similar to a previous one, an
inmate is required to file a separate affidavit or unsworn declaration
describing all other suits the inmate has previously brought and stating the “operative
facts” upon which relief was sought in each suit.  Id. § 14.004(a)(2)(A).  The affidavit must also disclose whether the
prior suits were dismissed as frivolous or malicious and provide the dates of
the final orders affirming the dismissals. 
Id. §§ 14.004(a)(2)(D), 14.004(b). 

            In the instant case, the record
contains no affidavits or unsworn declarations in compliance with section
14.004 of the Texas Civil Practice and Remedies Code.  Although Williams filed a declaration listing
previous lawsuits filed, he failed to sufficiently set forth in detail the “operative
facts” upon which relief was sought in each suit.  Instead, to the best of his memory, Williams
stated the legal theories that he raised in each of the previous twenty-two
suits listed, such as “illegal disciplinary convictions used as a means to
circumvent and extend sentences imposed,” “knowingly and systematically causing
Appellant’s demise through injections of Hepatitis C,” “retaliatory conspiracy,”
“denial of religious practice,” “use of excessive force,” and “denial of due
process and equal protection of the law.” 
Without a more detailed description of the operative facts upon which
Williams’s previous lawsuits were based, the trial court was unable to consider
whether Williams’s current claim was substantially similar to his previous
claims.  See Bell v. Texas Dep’t of
Criminal Justice–Inst’l Div., 962 S.W.2d 156, 158 (Tex. App.–Houston
[14th Dist.] 1998, pet. denied). 
Williams also failed to state whether the prior suits were dismissed as
frivolous or malicious and the dates of the final orders affirming the
dismissals.  See Tex. Civ. Prac. & Rem. Code Ann. §§
14.004(a)(2)(D), 14.004(b).  

            When an inmate files an affidavit or
declaration that fails to comply with the requirements of section 14.004, “the
trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.”  Bell, 962 S.W.2d at 158.  Thus, we conclude that the trial court did
not abuse its discretion when it dismissed Williams’s suit.  Id.   Further, the pro se litigant bears the
burden to provide such information.  See,
e.g., Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex.
App.–Houston [1st Dist.] 2000, pet. denied) (declined to hold that a trial
court must sift through numerous documents in order to find the information
required by section 14.004). 
Accordingly, we overrule Williams’s issues one, two, three, and four.

 

Conclusion

            We hold that the trial court did not
abuse its discretion when it dismissed Williams’s suit. See id.  However, the trial court’s dismissal of
Williams’s suit with prejudice was improper because his error could have been
remedied through amendment or more specific pleading.  See Thomas v. Skinner, 54 S.W.3d
845, 846-47 (Tex. App.–Corpus Christi 2001, pet. denied).  Thus, we modify the trial court’s
order of dismissal by deleting the words “with prejudice” and substituting in
their place the words “without prejudice.” 
Having overruled Williams’s first, second, third, and fourth issues, we affirm
the trial court’s dismissal order as modified.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered
April 28, 2006.

Panel consisted of Worthen, C.J.,
Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Chapter 14 does not
apply to suits brought under the Family Code. 
Tex. Civ. Prac. & Rem. Code
Ann.  § 14.002(b) (Vernon 
2002).