# NO. 12-08-00345-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DASHUN HATCHER,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 87TH* |
| *V.* | | |
| | *§* | *JUDICIAL DISTRICT COURT OF* |
| *TEXAS DEPARTMENT OF*<br>*CRIMINAL JUSTICE –*<br>*INSTITUTIONAL DIVISION,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

DaShun Hatcher appeals the trial court's order dismissing his civil suit against the Texas Department of Criminal Justice – Institutional Division (TDCJ-ID) pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code. We reverse and remand to the trial court for further proceedings.

## BACKGROUND

Hatcher is an inmate in TDCJ-ID. While incarcerated, Hatcher filed an *in forma pauperis* civil suit against TDCJ-ID seeking judicial review of an adverse agency decision. He alleged that his constitutional rights to due process and due course of law were violated when he was wrongfully found guilty of participating in a riot. The petition was supported by an affidavit of previous filings filed the same day as the petition. Hatcher filed another affidavit of previous filings a few weeks later. Soon thereafter, the trial court dismissed the suit without prejudice pursuant to Section 14.004(a)(2) of the Texas Civil Practice and Remedies Code on the basis that Hatcher's affidavit identifying previous filings did not describe the suits by stating the operative facts for which relief was sought. Hatcher then filed a motion for reinstatement supported by a

third affidavit of previous filings. The trial court denied the motion for reinstatement. This appeal followed.

**AFFIDAVIT OF PREVIOUS FILINGS**

In his sole issue, Hatcher contends the trial court abused its discretion by dismissing his suit under Section 14.004(a)(2). He argues that he included all necessary information in his three affidavits, thus adequately notifying the trial court of previously filed suits. From that information, he contends the trial court should have been able to determine that this suit is not frivolous or merely duplicative of previously filed suits.

**Standard of Review**

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. ***Hickson v. Moya***, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. ***Lentworth v. Trahan***, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). The trial courts are given broad discretion to determine whether a case should be dismissed because 1) prisoners have a strong incentive to litigate; 2) the government bears the cost of an *in forma pauperis* suit; 3) sanctions are not effective; and 4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See* ***Montana v. Patterson***, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

**Chapter Fourteen**

Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate, except for suits brought under the family code, in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon 2002). Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2)(Vernon 2002). In determining whether a claim is frivolous or malicious, the trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the same operative facts. *Id*. § 14.003(b)(4).

To enable the trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file an affidavit or declaration identifying each suit, other

2

than a suit under the family code, previously brought by the person and in which the person was not represented by an attorney; describing each suit the inmate previously brought by stating the operative facts for which relief was sought; listing the case name, cause number, and the court in which the suit was brought; identifying each party named in the suit; and stating the result of the suit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (Vernon 2002). The declaration must be in writing and subscribed by the person making the declaration as true under penalty of perjury. TEX. CIV. PRAC. & REM. CODE ANN. § 132.002 (Vernon 2005).

## DISCUSSION

In his affidavits, Hatcher identified two previous lawsuits, stating the operative facts for which relief was sought, listing the case names, cause numbers, and the courts in which the suits were brought, identifying each party named in the suits, and stating the result of each suit. Each affidavit was in writing and subscribed by Hatcher as true under penalty of perjury. One of the previously filed lawsuits named was actually Hatcher's first attempt to sue TDCJ-ID for its alleged unconstitutional acts with regard to finding him guilty of participating in the riot, the same cause presently before us. The first time Hatcher brought this suit, the trial court dismissed it because Hatcher failed to file an affidavit of exhaustion of administrative remedies. The dismissal was not an adjudication on the merits. The error that led to the dismissal was one that could be remedied. *See **Thomas v. Skinner***, 54 S.W.3d 845, 847 (Tex. App.–Corpus Christi 2001, pet. denied) (Dismissal with prejudice is inappropriate where inmate's failure to comply with Chapter Fourteen could have been remedied through amendment.). Hatcher filed the instant suit in response to the first dismissal. Therefore, although this suit is duplicative, dismissal is not warranted.

We conclude that Hatcher complied with the statutory requirements that his affidavit identify previously filed suits and describe the suits by stating the operative facts for which relief was sought. Accordingly, the trial court abused its discretion in dismissing Hatcher's suit for failure to comply with Section 14.004(a)(2). We sustain Hatcher's sole issue.

## DISPOSITION

We *reverse* the trial court's judgment and *remand* the cause to the trial court for further proceedings consistent with this opinion.

3

**SAM GRIFFITH**
Justice

Opinion delivered January 6, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4