NO












 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-08-00345-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

DASHUN HATCHER,                               
   '                    APPEAL
FROM THE 87TH

APPELLANT

 

V.

                                                                    
   '                      JUDICIAL
DISTRICT COURT OF

TEXAS DEPARTMENT OF

CRIMINAL JUSTICE –

INSTITUTIONAL DIVISION,

APPELLEE                                                
  '                      ANDERSON
COUNTY, TEXAS



 

 

MEMORANDUM
OPINION

            DaShun
Hatcher appeals the trial court’s order dismissing his civil suit against the
Texas Department of Criminal Justice – Institutional Division (TDCJ-ID)
pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code.  We
reverse and remand to the trial court for further proceedings.

 

Background

            Hatcher
is an inmate in TDCJ-ID.  While incarcerated, Hatcher filed an in forma
pauperis civil suit against TDCJ-ID seeking judicial review of an adverse
agency decision.  He alleged that his constitutional rights to due process and
due course of law were violated when he was wrongfully found guilty of
participating in a riot.  The petition was supported by an affidavit of
previous filings filed the same day as the petition.  Hatcher filed another
affidavit of previous filings a few weeks later.  Soon thereafter, the trial
court dismissed the suit without prejudice pursuant to Section 14.004(a)(2) of
the Texas Civil Practice and Remedies Code on the basis that Hatcher’s
affidavit identifying previous filings did not describe the suits by stating the
operative facts for which relief was sought.  Hatcher then filed a motion for
reinstatement supported by a third affidavit of previous filings.  The trial
court denied the motion for reinstatement.  This appeal followed.

 

Affidavit of Previous Filings

            In
his sole issue, Hatcher contends the trial court abused its discretion by
dismissing his suit under Section 14.004(a)(2).  He argues that he included all
necessary information in his three affidavits, thus adequately notifying the
trial court of previously filed suits.  From that information, he contends the
trial court should have been able to determine that this suit is not frivolous
or merely duplicative of previously filed suits.

Standard
of Review

            We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722  (Tex.
App.–Houston [1st Dist.] 1998, no pet.).  The trial courts are given broad
discretion to determine whether a case should be dismissed because 1) prisoners
have a strong incentive to litigate; 2) the government bears the cost of an in
forma pauperis suit; 3) sanctions are not effective; and 4) the dismissal
of unmeritorious claims accrues to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894 S.W.2d 812,
814-15 (Tex. App.–Tyler 1994, no writ).

Chapter
Fourteen

            Chapter
Fourteen of the Texas Civil Practice and Remedies Code controls suits brought
by an inmate, except for suits brought under the family code, in which the
inmate has filed an affidavit or unsworn declaration of inability to pay
costs.  Tex. Civ. Prac. & Rem. Code
Ann. § 14.002 (Vernon 2002).  Section 14.003 provides that a trial
court may dismiss a claim before or after service of process if the court finds
that the claim is frivolous or malicious.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)(Vernon 2002).  In
determining whether a claim is frivolous or malicious, the trial court may
consider whether the claim is substantially similar to a previous claim filed
by the inmate because the claim arises out of the same operative facts.  Id.
§ 14.003(b)(4).  

To
enable the trial court to determine whether the suit is substantially similar
to a previous one, an inmate is required to file an affidavit or declaration
identifying each suit, other than a suit under the family code, previously
brought by the person and in which the person was not represented by an
attorney; describing each suit the inmate previously brought by stating the
operative facts for which relief was sought; listing the case name, cause number,
and the court in which the suit was brought; identifying each party named in
the suit; and stating the result of the suit.  Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (Vernon
2002).  The declaration must be in writing and subscribed by the person making
the declaration as true under penalty of perjury.  Tex. Civ. Prac. & Rem. Code Ann. § 132.002 (Vernon
2005).

 

Discussion

            In
his affidavits, Hatcher identified two previous lawsuits, stating the operative
facts for which relief was sought, listing the case names, cause numbers, and
the courts in which the suits were brought, identifying each party named in the
suits, and stating the result of each suit.  Each affidavit was in writing and
subscribed by Hatcher as true under penalty of perjury.  One of the previously
filed lawsuits named was actually Hatcher’s first attempt to sue TDCJ-ID for
its alleged unconstitutional acts with regard to finding him guilty of
participating in the riot, the same cause presently before us.  The first time
Hatcher brought this suit, the trial court dismissed it because Hatcher failed
to file an affidavit of exhaustion of administrative remedies.  The dismissal
was not an adjudication on the merits.  The error that led to the dismissal was
one that could be remedied.  See Thomas v. Skinner, 54 S.W.3d
845, 847 (Tex. App.–Corpus Christi 2001, pet. denied) (Dismissal with prejudice
is inappropriate where inmate’s failure to comply with Chapter Fourteen could
have been remedied through amendment.).  Hatcher filed the instant suit in
response to the first dismissal.  Therefore, although this suit is duplicative,
dismissal is not warranted.  

            We
conclude that Hatcher complied with the statutory requirements that his
affidavit identify previously filed suits and describe the suits by stating the
operative facts for which relief was sought.  Accordingly, the trial court
abused its discretion in dismissing Hatcher’s suit for failure to comply with
Section 14.004(a)(2).  We sustain Hatcher’s sole issue.

 

Disposition

            We reverse
the trial court’s judgment and remand the cause to the trial
court for further proceedings consistent with this opinion.

                                                                                                
SAM GRIFFITH    

                                                                                                       
  Justice

 

 

 

Opinion delivered January 6, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)