

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00140-CV

JAMES W. BRIGHT,

                                                            Appellant

 v.

NATHANIEL QUARTERMAN,

                                                            Appellee

From the 12th District Court
Walker County, Texas
Trial Court No. 24132

## MEMORANDUM OPINION

In January 2008, James Bright, a state prison inmate, sued Nathaniel Quarterman, then-director of the TDCJ's Institutional Division, seeking injunctive relief in the form of removing inmates from twenty-four Texas prisons because they may contain lead-based paint and asbestos. Bright filed a declaration of inability to pay costs. Quarterman moved to dismiss Bright's suit, asserting that Bright lacked standing and that Bright failed to comply with Chapter 14's procedural requirements. The trial court dismissed the suit as frivolous under Chapter 14 of the Texas Civil Practices and Remedies Code.

*See* Tex. Civ. Prac. & Rem. Code Ann. ch. 14 (Vernon 2002). Raising two issues, Bright appeals. We will affirm.

Bright's first issue complains that the trial court abused its discretion in dismissing his suit. Generally, the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). A prison inmate who files suit in a Texas state court pro se and who seeks to proceed *in forma pauperis* must comply with the procedural requirements set forth in Chapter 14 of the Civil Practice and Remedies Code. *Id.* (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004, 14.005 (Vernon 2002)). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *Id.*

Section 14.004 requires an inmate proceeding *in forma pauperis* to file an affidavit or unsworn declaration that specifically identifies all other pro se lawsuits brought by the inmate. Tex. Civ. Prac. & Rem. Code Ann. § 14.004. A trial court may dismiss without prejudice an inmate's claim as frivolous when the inmate fails to file such an affidavit or unsworn declaration. *See Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied). "[T]he supplemental filing required by Section 14.004 . . . is an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). Accordingly, "when an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, frivolous." *Bell v. Tex. Dep't Crim. Just.-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Quarterman's motion to dismiss

pointed out that Bright had filed several federal cases.

Subsection 14.005(a) mandates that an inmate who files a claim subject to the TDCJ grievance system file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written grievance decision. *Brewer*, 268 S.W.3d at 768 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1)). The section also mandates the filing of a copy of the written grievance decision. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2)). If an inmate does not strictly comply with subsection 14.005(a), a trial court does not abuse its discretion in dismissing the claim. *Id.*

Bright did not file either of the two required affidavits or unsworn declarations in compliance with section 14.004 and subsection 14.005(a). In his reply brief, Bright asserts that a prison employee destroyed his grievances. This allegation should have been raised in the trial court. *See* TEX. R. APP. P. 33.1(a); *cf. Washington v. Tex. Dep't Crim. Just.,* No. 10-04-00253-CV, 2005 WL 1484037, at *3 (Tex. App.—Waco June 22, 2005, no pet.) (mem. op.) (holding that inmate's declaration, which detailed destruction of his legal records, substantially complied with section 14.004). In any event, Bright was still required to file a declaration stating the date that his grievance was filed and the date that he received the written grievance decision. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1)). Moreover, Bright's failure to file a declaration of his previous filings was ground alone for the trial court to dismiss his suit. Accordingly, the trial court did not abuse its discretion in dismissing Bright's suit for failure to comply with Chapter 14. We overrule his first issue.

Bright's second issue complains of the trial court's order asking the Office of the Attorney General to provide an *"amicus curiae"* advisory on whether Bright had complied with Chapter 14 and the alleged *ex parte* nature of the advisory. *See generally Simmonds v. TDCJ*, No. 10-07-00361-CV, 2010 WL 654498, at *10 (Tex. App.—Waco Feb. 24, 2010, no pet.) (mem. op.). Given our disposition of Bright's first issue, we need not address his second issue. *See* TEX. R. APP. P. 47.1.

We affirm the trial court's dismissal order.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed August 4, 2010
[CV06]