IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00318-CV

 

Spencer Parker,

                                                                                    Appellant

 v.

 

J.
THOMAS CO. III, TDCJ ID

                                                                                    Appellee

 

 

 



From the 12th District
Court

Walker County, Texas

Trial Court No. 24,276

 



MEMORANDUM  Opinion



 








Spencer Parker, a state prison inmate,
sued J. Thomas, a TDCJ employee, on May 9, 2008, for stealing or destroying
Parker’s personal property.[1] 
Parker filed the suit pro se and as an indigent, which triggered Chapter 14.  See
Tex. Civ. Prac. & Rem. Code Ann.
ch. 14 (Vernon 2002).  Thomas moved to dismiss Parker’s suit, alleging, among
other things, that Parker’s suit was time-barred (by section 14.005(b)), that his
declaration relating to previous filings was deficient, and that his suit was
frivolous.  The trial court dismissed Parker’s suit as frivolous.  Parker
appeals.[2]

Generally, the dismissal of inmate
litigation under Chapter 14 is reviewed for abuse of discretion.  Brewer v.
Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.).  A prison
inmate who files suit in a Texas state court pro se and who seeks to proceed in
forma pauperis must comply with the procedural requirements set forth in
Chapter 14 of the Civil Practice and Remedies Code.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.002(a), 14.004, 14.005 (Vernon 2002)).  Failure to fulfill those
procedural requirements will result in dismissal of an inmate’s suit.  Id.

Section 14.004 requires an inmate
proceeding in forma pauperis to file an affidavit or unsworn declaration
that specifically identifies all other pro se lawsuits brought by the inmate.  Tex. Civ. Prac. & Rem. Code Ann. §
14.004 (Vernon 2002).  A trial court may dismiss an inmate’s claim as frivolous
when the inmate fails to file such an affidavit or unsworn declaration.  See
Thomas v. Skinner, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet.
denied).  “[T]he
supplemental filing required by Section 14.004 . . . is an essential part of
the process by which courts review inmate litigation.”  Hickson v. Moya,
926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).  Accordingly, “when an
inmate does not comply with the affidavit requirements of Section 14.004, the
trial court is entitled to assume the suit is substantially similar to one
previously filed by the inmate and, therefore, frivolous.”  Bell v. Tex. Dep’t Crim. Just.-Inst.
Div., 962 S.W.2d 156, 158 (Tex. App.—Houston
[1st Dist.] 2000, no pet.).

Parker’s declaration of previous filings
listed the current suit and one other pending suit.  Thomas’s motion to dismiss
pointed out that Parker had filed at least twelve federal cases, including one
alleging the same facts.

            Subsection 14.005(a)
mandates that an inmate who files a claim subject to the TDCJ grievance system
file an affidavit or unsworn declaration stating the date that his grievance
was filed and the date that he received the written grievance decision.  Brewer,
268 S.W.3d at 768 (citing Tex. Civ.
Prac. & Rem. Code Ann. § 14.005(a)(1)).  The section also mandates
the filing of a copy of the written grievance decision.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann. §
14.005(a)(2)).  If an inmate does not strictly comply with subsection
14.005(a), a trial court does not abuse its discretion in dismissing the
claim.  Id.

Parker gave a grievance number, but he
did not file the required data or a copy of the grievance decision.[3] 
Thomas filed Parker’s Step 1 and Step 2 grievances; the Step 2 grievance shows
that a decision was reached on January 24, 2007.  “A court shall dismiss a
claim if the inmate fails to file the claim before the 31st day after the date
the inmate receives the written decision from the grievance system.”  Tex. Civ. Prac. & Rem. Code Ann. §
14.005(b).  Parker’s suit was filed on May 9, 2008, and he has not provided a
response in the trial court or on appeal to Thomas’s contention that Parker’s
suit was untimely under subsection 14.005(b).

Because of Parker’s failure to comply
with sections 14.004 and 14.005, the trial court did not abuse its discretion
in dismissing Parker’s suit.  We affirm the trial court’s dismissal order.

 

 

REX D. DAVIS

Justice

            

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed August 25, 2010

[CV06]









[1] Parker alleged that, while his property
was being inspected by Thomas during a unit shakedown, he became upset because
Thomas was looking at and reading Parker’s personal and legal correspondence
and materials, and that, in response to Parker’s question whether a law library
officer should be present while Thomas was reading Parker’s legal material, Thomas
then threw some of Parker’s property away, including irreplaceable family
photographs and Parker’s personal hygiene items.





[2] Parker’s brief is inadequate in numerous
respects.  See Tex. R. App. P. 38.1. 
Under Rule 2, we will suspend Rule 38.1’s requirements and will address his
appeal to expedite its disposition.  See Tex. R. App. P. 2.





[3] Parker explained that he sent the
grievances to an outside agency and that they would not return them.