

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00318-CV

SPENCER PARKER,

                                                  **Appellant**

 v.

J. THOMAS CO. III, TDCJ ID

                                                  **Appellee**

---

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 24,276

---

## MEMORANDUM OPINION

---

Spencer Parker, a state prison inmate, sued J. Thomas, a TDCJ employee, on May 9, 2008, for stealing or destroying Parker's personal property.[1] Parker filed the suit pro se and as an indigent, which triggered Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (Vernon 2002). Thomas moved to dismiss Parker's suit, alleging, among other things, that Parker's suit was time-barred (by section 14.005(b)), that his

---

[1] Parker alleged that, while his property was being inspected by Thomas during a unit shakedown, he became upset because Thomas was looking at and reading Parker's personal and legal correspondence and materials, and that, in response to Parker's question whether a law library officer should be present while Thomas was reading Parker's legal material, Thomas then threw some of Parker's property away, including irreplaceable family photographs and Parker's personal hygiene items.

declaration relating to previous filings was deficient, and that his suit was frivolous. The trial court dismissed Parker's suit as frivolous. Parker appeals.[2]

Generally, the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). A prison inmate who files suit in a Texas state court pro se and who seeks to proceed *in forma pauperis* must comply with the procedural requirements set forth in Chapter 14 of the Civil Practice and Remedies Code. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002)). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *Id.*

Section 14.004 requires an inmate proceeding *in forma pauperis* to file an affidavit or unsworn declaration that specifically identifies all other pro se lawsuits brought by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon 2002). A trial court may dismiss an inmate's claim as frivolous when the inmate fails to file such an affidavit or unsworn declaration. *See Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied). "[T]he supplemental filing required by Section 14.004 . . . is an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). Accordingly, "when an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, frivolous." *Bell v. Tex. Dep't Crim. Just.-Inst. Div.*, 962 S.W.2d 156,

---

[2] Parker's brief is inadequate in numerous respects. *See* TEX. R. APP. P. 38.1. Under Rule 2, we will suspend Rule 38.1's requirements and will address his appeal to expedite its disposition. *See* TEX. R. APP. P. 2.

158 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Parker's declaration of previous filings listed the current suit and one other pending suit. Thomas's motion to dismiss pointed out that Parker had filed at least twelve federal cases, including one alleging the same facts.

Subsection 14.005(a) mandates that an inmate who files a claim subject to the TDCJ grievance system file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written grievance decision. *Brewer*, 268 S.W.3d at 768 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1)). The section also mandates the filing of a copy of the written grievance decision. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2)). If an inmate does not strictly comply with subsection 14.005(a), a trial court does not abuse its discretion in dismissing the claim. *Id.*

Parker gave a grievance number, but he did not file the required data or a copy of the grievance decision.[3] Thomas filed Parker's Step 1 and Step 2 grievances; the Step 2 grievance shows that a decision was reached on January 24, 2007. "A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). Parker's suit was filed on May 9, 2008, and he has not provided a response in the trial court or on appeal to Thomas's contention that Parker's suit was untimely under subsection 14.005(b).

Because of Parker's failure to comply with sections 14.004 and 14.005, the trial

---

[3] Parker explained that he sent the grievances to an outside agency and that they would not return them.

court did not abuse its discretion in dismissing Parker's suit. We affirm the trial court's dismissal order.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed August 25, 2010
[CV06]