

NUMBER 13-12-00707-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JIM H. HAMILTON JR.,                                         **Appellant,**

**v.**

BRAD LIVINGSTON, ET AL.,                             **Appellees.**

## On appeal from the 343rd District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

This case involves inmate litigation pursuant to chapter 14 of the civil practice and remedies code. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002). By two issues, appellant Jim Herbert Hamilton Jr. (1) challenges the trial

court's order dismissing his causes of action; and (2) asserts that the trial court erred by issuing a void order for cost and fees. We affirm.

## I. BACKGROUND

Hamilton is imprisoned for life in the Texas Department of Criminal Justice—Institutional Division's William McConnell Unit in Beeville, Texas. On May 4, 2012, Hamilton filed an original petition against prison officials Brad Livingston, and others,[1] alleging causes of actions for premises liability under the Texas Tort Claims Act, *see id.* § 101.021(1) (West 2011), and intentional denial of administrative remedy and compensation.

According to Hamilton's petition, his claims stem from a leak in the corner ceiling of his jail cell. Hamilton alleges that on December 2, 2011, rain water leaked into his cell through a hole in the ceiling, which caused damage to his typewriter. As a result of the damage caused to his typewriter, Hamilton alleges that he was deprived use of the typewriter and had to handwrite all of his letters and legal documents. Because he had to handwrite all of his letters and documents, Hamilton contends that he suffered chronic back and hip pain, arthritis in his hand, and emotional distress. Hamilton also alleges that the defendants failed to follow rules in the handling of grievances that they deprived him of a meaningful administrative remedy.

Shortly after Hamilton filed his petition, the trial court entered various orders, including: (1) an order assessing cost for filing fees, along with a bill of cost; (2) an

---

[1] The full list of defendants in this cause are as follows: Brad Livingston, Matt Barber, Cheryl Lawson, Tamra J. McCullough, and Sandra Castaneda.

order to the inmate trust fund regarding the bill of cost for filing fees; and (3) an order requesting that the Attorney General file as amicus curiae in the matter after reviewing the pleadings, affidavits, unsworn declarations, and exhibits for compliance.   On November 9, 2012, after considering Hamilton's petition, the Attorney General's amicus curiae brief, and Hamilton's response, the trial court ordered Hamilton's cause dismissed after finding it frivolous or malicious.   *See id.* § 14.003(a)(2) (West 2002).   This appeal followed.

## II.   DISMISSAL ORDER

By his first issue, Hamilton asserts that the trial court erred in dismissing his cause of action.[2]

### A.   Standard of Review and Applicable Law

We review a dismissal order under chapter 14 of the civil practice and remedies code for an abuse of discretion.   *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no pet.).   A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles.   *Downer v. Aquamarine Ops., Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Under chapter 14, a trial court may dismiss a claim filed by an inmate, either

---

[2]   In his brief, Hamilton asserts that the trial court erred by not considering his "additional claims" of intentional deprivation and theft of property under Texas law.   However, a review of Hamilton's pleadings shows that he asserted two causes of action:   (1) a premises liability claim under the Texas Tort Claims Act, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West 2011), for damages; and (2) the intentional denial of administrative remedies and compensation.   Accordingly, we will treat Hamilton's first issue as a general challenge to the trial court's order of dismissal.   *See* TEX. R. APP. P. 38.9 ("Because briefs are meant to acquaint the court with issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient . . . .").

before or after service of process, if it finds:

      (1) the allegation of poverty in the affidavit or unsworn declaration is false;

      (2) the claim is frivolous or malicious; or

      (3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) (West 2002). In determining whether a claim is frivolous or malicious, the court may consider whether:

      (1) the claim's realistic chance of ultimate success is slight;

      (2) the claim has no arguable basis in law or in fact;

      (3) it is clear that the party cannot prove facts in support of the claim; or

      (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).

## B.    Discussion

The trial court made two specific findings regarding the frivolousness of Hamilton's petition—first, that the claim's realistic chance of ultimate success is slight; and second, that the claim has no arguable basis in law or in fact. *See id.* § 14.003(b)(1)–(2).

We turn first to Hamilton's claim that alleges a premises defect. Generally, under the Texas Tort Claims Act, a governmental unit owes the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises**.** *See id.* § 101.022 (West 2011). The duty owed to a licensee is to not injure the licensee by willful, wanton, or grossly negligent conduct and, in cases in

4

which the licensor has actual knowledge of a dangerous condition unknown to the licensee, to use ordinary care to either warn the licensee of the condition or make the condition reasonably safe. *See City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008) (per curiam). In order to establish liability, a licensee must prove (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the licensor actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the licensor failed to exercise ordinary care to protect the licensee from danger; and (5) the licensor's failure was a proximate cause of injury to the licensee. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.3d 235, 237 (Tex. 1992) (op. on reh'g).

According to Hamilton's petition, as a result of the water damage to his typewriter, he had no choice but to write all of letters and legal documents by hand, which caused or exacerbated various physical maladies in his hand, hip, and back and also caused him emotional distress. Even assuming that Hamilton can legally and factually establish the first four elements of liability, *see id.*, it was reasonable for the trial court to find that the alleged facts did not support a basis to establish proximate cause of his injuries. Nothing in the record shows that Hamilton's alleged physical and emotional injuries were caused by handwriting instead of typing his legal documents and letters. As a result, the trial court did not abuse its discretion in concluding that evidence of water damage to a typewriter was insufficient to proximately cause physical and emotional damages from having to handwrite documents. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2). Furthermore, it is also reasonable for a trial court to conclude that such an allegation,

5

based on this record, has but a slight chance of ultimate success.  *See id.* §
14.003(b)(1).

Next, we turn to Hamilton's second claim, which is essentially a procedural due process violation for an intentional denial of administrative remedy and compensation. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected property or liberty interest.  *Leachman v. Dretke*, 261 S.W.3d 297, 314 (Tex. App.—Fort Worth 2008, no pet.) (citing *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 59 (1999))*.*   Procedural due process merely requires that when a governmental entity deprives an individual of liberty or property, that it do so "in a fair manner." *Leachman*, 261 S.W.3d at 314 (citing *United States v. Salerno*, 481 U.S 739, 746 (1987)).   Hamilton's petition does not assert what protected property or liberty interest is at stake by the prison unit's purported intentional denial of his administrative remedies and compensation.[3]   Thus, it was reasonable for the trial court to conclude that this particular claim had no arguable basis in law.

Accordingly, we conclude that the trial court did not abuse its discretion in dismissing Hamilton's petition pursuant to section 14.003(b).   *See Hickson*, 926 S.W.2d at 398.   Hamilton's first issue is overruled.

---

[3] We note an analogous federal case, in which a prisoner, Geiger, filed suit under the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e (2013), and alleged that prison officials failed to properly investigate his grievances and letters complaining about conduct in the prison's mail room and by security staff.   *See Geiger v. Jones*, 404 F.3d 371, 373 (5th Cir. 2005).   The Fifth Circuit panel held that Geiger's relief for due process violations was frivolous because "[a] prisoner has a liberty interest only in freedom[s] from restraint . . . impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (emphasis in original) (internal citations omitted).   The court further held that Geiger does not have a federally protected liberty interest in having his grievances resolved to his satisfaction.   *Id.*

## III. ORDER TO PAY FILING FEES

By his second issue, Hamilton contends that the trial court erred in issuing an order that required him to pay cost and fees not yet incurred because a final order had not been issued dismissing his action.

### A. Standard of Review and Applicable Law

We review a trial court's order for an inmate to pay court fees, court costs, and other costs under chapter 14 of the civil practice and remedies code for an abuse of discretion. *See Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied).

Under section 14.006,

> [a] court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with this section and section 14.007. The clerk of the court shall mail a copy of the court's order and a certified bill of costs to the department or jail, as appropriate.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(a) (West 2002). Furthermore, on the court's order, the inmate shall pay an amount equal to the lesser of: (1) twenty percent of the preceding six months' deposits to the inmate's trust account; or (2) the total amount of court fees and costs. *Id.* § 14.006(b).

### B. Discussion

Hamilton correctly acknowledges in his brief that a trial court is within its discretion to order an inmate to pay costs and fees under section 14.006. *See Id.* § 14.006. However, Hamilton incorrectly argues that the trial court's order under section 14.006 was somehow void for failing to follow section 14.007. *See id.* § 14.007 (West Supp. 2011).

7

Section 14.007 mandates that a trial court include expenses incurred by the court or the department, jail, or private facility operator, in connection with the claim, and not otherwise charged to the inmate under section 14.006, including expenses from service of process, postage, and transportation, housing, or medical care incurred in connection with the appearance of an inmate in the court for any proceeding in a section 14.006(a) order, if the court finds that: (1) the inmate has previously filed an action to which chapter 14 applies; and (2) a final order has been issued that affirms that the action was dismissed as frivolous or malicious under section 13.001 or section 14.003. *See id.*

In this case, the trial court entered an order requiring Hamilton to pay the cost of filing fees only. The trial court's order was not an abuse of the trial court's discretion because such an order is allowed under section 14.006(a) and does not include the type of costs necessary to invoke 14.007. *See Skinner*, 54 S.W.3d at 847. Even assuming arguendo that a final order is required prior to a trial court's assessment of costs under section 14.006(a), such an argument is moot in this case because the trial court has issued a final order finding Hamilton's claims frivolous.

Hamilton next argues that the trial court abused its discretion in assessing costs against him because he did not receive a copy of the bill of costs in violation of his right to due process. Our review of the clerk's record indicates that the Bee County District Clerk's office sent copies of the bill of cost to the office of general counsel, law enforcement defense division, and Hamilton. Hamilton presents no evidence, other than assertions in his brief, that he was not served with a copy of the bill of cost. Accordingly, the record shows no due process violation, and thus, no abuse of

8

discretion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(a). Hamilton's second issue is overruled.

## IV. CONCLUSION

We affirm.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
5th day of September, 2013.