J. Craig COWGILL, Receiver, Alamo Lumber Company, and Archer Parr, Appellants,

v.

Bonnie M. WHITE, Individually and as Administratrix of the Estate of Jody Martin Parr, Deceased, Appellee.

No. 1072.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 29, 1976.

Rehearing Denied Nov. 24, 1976.

Myron M. Sheinfeld, Houston, Oscar Spitz, Corpus Christi, Homer E. Dean, Jr., Alice, for appellants.

A. J. Pope, III, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This case is an appeal from the action of the trial court which dismissed for lack of jurisdiction an interpleader action filed by a receiver in bankruptcy. The trial court dismissed the cause based on a motion filed by the appellee alleging that jurisdiction over the subject matter of the interpleader action was in the County Court at Law Number 1 of Nueces County where a probate proceeding involving the same property had previously commenced.

On October 30, 1973, the appellant was appointed Receiver for Jody Parr in a Chapter XI bankruptcy proceeding filed by Mrs. Parr in the United States District Court for the Southern District of Texas, No. 73–106. As Receiver, the appellant received from Mrs. Parr and holds certain real and personal property. On June 3, 1974, in Cause Number 8732, the 229th District Court declared the property being held by appellant to be the special community property of Archer Parr over which he had the right of management and control pursuant to a divorce proceeding between Mr. and Mrs. Parr then pending in the same court. Thereafter, appellant Archer Parr made a demand on appellant Cowgill to turn over said property to him. At the same time, appellee individually and as Administratrix made a similar demand on the appellant Cowgill claiming that as the sole devisee of the Estate of Mrs. Parr (who died on June 13, 1974) and as Administratrix of the Estate of Mrs. Parr, she had the exclusive right to possession and control of this property.

Faced with these conflicting claims, appellant Cowgill interplead the property into the trial court, claiming his position as stakeholder and asking the trial court to resolve the conflicting claims. Appellant Alamo Lumber Company filed a plea in intervention seeking to enforce a judgment lien of $14,000.00 against the interplead real property. Appellee then filed a motion to dismiss the interpleader action contending that the Nueces County Probate Court had sole and exclusive jurisdiction to determine the question of the right to possession of the interplead property. After a hearing on the motion to dismiss, the trial court dismissed the cause for want of jurisdiction with prejudice.

The appellant's points of error all complain that the trial court erred in dismissing the suit for lack of jurisdiction. The con-

trolling question for our consideration is whether the statutory probate court had exclusive jurisdiction over this cause of action under Art. 5, § 8 of the Constitution and § 5 of the Texas Probate Code, or whether the district court had concurrent jurisdiction under Art. 5, § 8 of the Constitution.

This entire question arises under the 1973 Amendments to Art. 5, § 8, Constitution, and § 5 of the Probate Code. Prior to these amendments, original probate jurisdiction was in the county courts and appellate jurisdiction was in the district courts. The 1973 amendments gave both courts concurrent jurisdiction in probate matters. Also, before 1973, the Constitution in Art. 5, § 16 and § 4 of the Probate Code empowered county courts to transact all business "appertaining to estates". This was in reality a lack of power and not a grant of power. In 1973, § 5 of the Probate Code was amended to give probate courts the power "to hear all matters incident to an estate . . . ." Under prior law, this would seem to include all matters pertaining to the settlement, partitions and distribution of an estate. *Wells v. Gray,* 241 S.W.2d 183 (Tex.Civ.App.—San Antonio 1951, writ ref'd); *Elliott v. Elliott,* 208 S.W.2d 709 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n. r. e.); *Zamora v. Gonzalez,* 128 S.W.2d 166 (Tex.Civ.App.—San Antonio 1939, writ ref'd); *McCanless v. Clough,* 298 S.W. 643 (Tex.Civ.App.—Waco 1927, no writ); *Boedker v. Boedker,* 258 S.W. 566 (Tex.Civ.App.—San Antonio 1924, no writ); *Buchner v. Wait,* 137 S.W. 383 (Tex.Civ.App.—Galveston 1911, writ ref'd). See also *Cole v. Franklin Life Ins. Co.,* 93 F.2d 620 (5th Cir. 1937).[1]

■ Section 5 of the Texas Probate Code now provides in part that "(c) In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate . . . shall be filed and heard in such courts . . . rather than in district courts, . . . ." Therefore, the original jurisdiction over the Estate of Jody Parr was clearly in County Court at Law Number 1 of Nueces County. The only real question then is whether the interpleader action was incident to the settlement, partition and distribution of said estate or was simply a cause which fell within the general jurisdiction of the district court.

■ It is clear to us that this particular interpleader action was incident to the ultimate partition and distribution of the Estate of Jody Parr. There is no question but that the Decedent owned an interest in this property, which interest was, therefore, part of her estate. The question of whether or not it was community property and if so, how it was to be distributed between the Estate and Archer Parr, was a question within the exclusive jurisdiction of the probate court. Therefore, this issue was one which should have been brought before the probate court.

■ The next question presented by the appellants is whether or not the trial court erred in dismissing the cause of action with prejudice. In its judgment, the trial court ordered that the cause of action be dismissed for want of jurisdiction and that the cause be dismissed with prejudice. As a general rule, a dismissal with prejudice is res judicata and is conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. See 149 A.L.R. 553, 625. *Rosenthal v. Groves,* 387 S.W.2d 920 (Tex.Civ.App.—Houston 1965, no writ); *Dyches v. Ellis,* 199 S.W.2d 694 (Tex.Civ.App.—Austin 1947, no writ). However, this action by the trial court must be narrowly construed to mean only that this judgment is res judicata to any further attempts by the plaintiff to bring this same cause of action in a district court.

---

1. An interesting commentary on the question is presented by Dean Ernest E. Smith, III and Professor M. K. Woodward of the University of Texas School of Law in the Supplement to Volume 17, § 9 of Texas Practice.

It is the well settled law of this State that a judgment dismissing a suit for want of jurisdiction cannot be res judicata as to the merits and does not bar a plaintiff from bringing action on the same cause in a court having jurisdiction. *New Friendship Baptist Church v. Collins,* 453 S.W.2d 529 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ); *Small v. Small,* 434 S.W.2d 940 (Tex.Civ.App.—Waco 1968, writ ref'd n. r. e.); *Miller v. Lloyds Alliance,* 259 S.W.2d 777 (Tex.Civ.App.—San Antonio 1953, writ ref'd n. r. e.); *Embry v. Lewis,* 19 S.W.2d 87 (Tex.Civ.App.—Austin 1929, no writ); *Adoue v. Wettermark,* 28 Tex.Civ.App. 17, 68 S.W. 553 (1902, writ ref'd). Therefore, the judgment of the trial court was not res judicata as to the merits of the cause before the proper forum. The judgment dismissing this cause with prejudice was not error.

All of the appellants' points of error are overruled. The judgment of the trial court is AFFIRMED.