Patrick A. Pirtle, Justice
Appellant, Daniel Remsburg, an inmate proceeding pro se and in forma pauperis , appeals from the trial court's order dismissing his suit with prejudice against Appellees, Julie Marquez, Anthony Marquez, and the Texas Department of Criminal Justice (collectively the Department). Remsburg sued under the Texas Tort Claims Act[1] for, among other claims, the common law torts of conversion in detinue and trover after property belonging to him was confiscated in December 2015 during a prison shakedown. By six issues, he contends (1) he substantially complied with chapter 14 of the Texas Civil Practice and Remedies Code; (2) the trial court erred in not ruling on various motions; (3) his claims were not barred by the Texas Tort Claims Act; (4) his equitable claims survived the Act; (5) the law was unconstitutionally applied to the facts; and (6) his claims should have been dismissed without prejudice. After the Department filed its brief, Remsburg supplemented his brief to more adequately present his issues. We reverse and remand.
BACKGROUND
According to Remsburg's petition, during the prison shakedown, inmates were directed to "pack up [their] stuff" and proceed to the gym while cells were inspected. Remsburg was singled out to be "blue boxed."[2] According to his petition, *825 an inmate's belongings, with certain exceptions, must fit in a two-cubic-foot bin. Remsburg left certain items, including his legal materials, outside the bin.
A guard questioned Remsburg about the items left outside the bin. He responded that, per policy, certain items and legal materials were not required to be placed in the bin. Guards disputed that his paperwork consisted of legal materials and confiscated it as excessive personal property. He was instructed to proceed to the confiscation desk to complete paperwork. Remsburg contends that policies were not followed and when his legal materials were not returned, he completed the required offender grievance forms.
By his grievances, Remsburg asserted that although he disposed of books and magazines to make room for his legal materials, his confiscated property was not returned. The official responses to his grievances were that his paperwork did not constitute legal materials as he claimed and that his failure to eliminate excess property in a timely manner prevented the return of his property. The response to his second grievance concluded that no violations of policy were noted by the Department's staff.
Following the Department's response to his second grievance, Remsburg filed his original petition in April 2016. He also filed his Affidavit of Inability to Pay Costs and an Affidavit of Previous Pro Se Actions as required by chapter 14. On June 1, 2016, the Department moved to dismiss Remsburg's suit. Among other grounds, the Department alleged that Remsburg failed to exhaust his administrative remedies or comply with the filing requirements of chapter 14 of the Code, including failing to file a certified copy of his inmate trust account statement when he filed suit. Without holding a hearing, the trial court granted the motion to dismiss "for failure to comply with Chapter 14 of the Texas Civil Practices [sic] and Remedies Code."
STANDARD OF REVIEW
We apply an abuse of discretion standard to the review of the dismissal of an indigent inmate's suit pursuant to chapter 14. Bishop v. Lawson , 131 S.W.3d 571, 574 (Tex. App.-Fort Worth 2004, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. Quixtar Inc. v. Signature Mgmt. Team, LLC , 315 S.W.3d 28, 31 (Tex. 2010) (citing Downer v. Aquamarine Operators, Inc. , 701 S.W.2d 238, 241-42 (Tex. 1985) ). The fact that a trial court may decide a matter within its discretion in a different manner than an appellate court in a similar circumstance does not demonstrate an abuse of discretion. Downer , 701 S.W.2d at 242.
APPLICABLE LAW
The statutory scheme for indigent inmate litigation is governed by chapter 14 of the Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001 -.014 (West 2017).[3] When an inmate brings an action (other than an action brought under the Family Code) and files an affidavit or unsworn declaration of inability to pay costs, he must comply with the procedural requirements of chapter 14. § 14.002(a).
SECTION 14.003-DISMISSAL OF CLAIMS
Failure to comply with the procedural requirements of chapter 14 can result in the dismissal of a claim. § 14.003. Section 14.003, entitled "Dismissal of Claim," is not, however, a compliance statute per se. Rather, it is a statutory provision which delineates circumstances under which a *826 trial court may dismiss an inmate's suit subject to the procedural requirements of chapter 14. In relevant part, it provides as follows:
(a) [a] court may dismiss a claim, either before or after service of process, if the court finds that:
(1) the allegation of poverty in the affidavit or unsworn declaration is false;
(2) the claim is frivolous or malicious; or
(3) the inmate filed an affidavit or unsworn declaration required by the chapter that the inmate knew was false.
(b) In determining whether a claim is frivolous or malicious, the court may consider whether:
(1) the claim's realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or in fact;
(3) it is clear that the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.
(Emphasis added).
The three circumstances listed in section 14.003(a), authorizing dismissal of an indigent inmate claim, are disjunctive and independent. That is, a trial court may dismiss an indigent inmate lawsuit if (1) the affidavit or declaration of indigency is false, (2) the claim is frivolous or malicious, or (3) the inmate files any other required affidavit or declaration which he knows to be false. Hamilton v. Pechacek , 319 S.W.3d 801, 809 (Tex. App.-Fort Worth 2010, no pet.) (citing Lilly v. Northrep , 100 S.W.3d 335, 336 (Tex. App.-San Antonio 2002, pet. denied) ) (finding that an inmate's suit may be dismissed for failure to comply with the procedural requirements of chapter 14).
Dismissal for failure to comply with procedural rules is not, however, a ruling on the merits and dismissal should be without prejudice. Valentine v. Tex. Dep't of Crim. Justice , No. 09-01-491-CV, 2002 WL 31322754, at *1, 2002 Tex. App. LEXIS 7497, at *3 (Tex. App.-Beaumont Sept. 26, 2002, no pet.) (mem. op.) (citing Hughes v. Massey , 65 S.W.3d 743, 746 (Tex. App.-Beaumont 2001, no pet.) ).
RULE 145-AFFIDAVIT OF INABILITY TO PAY COSTS
A party who files an affidavit or declaration of inability to pay court costs cannot be required to pay costs except by order of the court as provided by Rule 145 of the Texas Rules of Civil Procedure. See TEX. R. CIV. P. 145. A court in which such an affidavit has been filed may, however, dismiss the action on a finding that the declarant's allegation of poverty is false. §§ 13.001(a)(1), 14.003(a)(1).
SECTION 14.004(a) and (b)- AFFIDAVIT RELATING TO PREVIOUS FILINGS
An inmate who files an affidavit or unsworn declaration of inability to pay costs is also required to file a separate affidavit or declaration relating to any previously filed actions (other than actions brought under the Family Code) where he was not represented by an attorney, regardless of whether he was an inmate at the time the action was brought. § 14.004(a)(1). In that regard, the affidavit or declaration must describe each action by (1) stating the operative facts for which relief was sought, (2) listing the case name, cause number, and court in which the action was brought, (3) identifying each party named in the action, and (4) stating the result of the action, including whether the action or *827 claim was dismissed as frivolous or malicious. § 14.004(a)(2). Furthermore, if the affidavit or declaration states that a previous action or claim was dismissed as frivolous or malicious, then it must state the date of the final order affirming the dismissal. § 14.004(b).
SECTION 14.004(c)- CERTIFIED COPY OF TRUST ACCOUNT STATEMENT
An affidavit or declaration of inability to pay court costs must also be accompanied by a certified copy of the declarant's trust account statement that complies with section 14.006(f). § 14.004(c). In order to comply with section 14.006(f), the statement must reflect the balance of the account at the time the claim is filed and describe any activity in the account during the six months preceding the date on which the claim is filed. § 14.006(f). To comply with this section, the trial court may request the incarcerating institution to furnish the information required. Id.
SECTION 14.005-AFFIDAVIT RELATING TO EXHAUSTION OF ADMINISTRATIVE REMEDIES
In addition, an inmate filing a suit as an indigent litigant must further establish that he has exhausted any administrative remedies by complying with section 14.005. That statute provides, in part, as follows:
(a) [a]n inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate ; and
(2) a copy of the written decision from the grievance system.
(b) [a] court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.
(Emphasis added).
ANALYSIS
By his first issue, Remsburg asserts he substantially complied with chapter 14. The Department responds that the trial court "properly dismissed Remsburg's suit as frivolous for failure to comply with Texas Civil Practice and Remedies Code Chapter 14." We agree with Remsburg that he complied with the requirements of chapter 14.
Essentially, sections 14.004 and 14.005 (and section 14.006(f) by incorporation) are procedural rules that an inmate must satisfy in order to avoid a procedural dismissal pursuant to section 14.003(a)(1) and (3) whenever suit has been filed without payment of court costs. Pechacek , 319 S.W.3d at 809. "Even if an inmate complies with these necessary filing requirements, however, the trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious. " Id. (Emphasis added). § 14.003(a)(2).
In the case before us, the trial court's dismissal order recites only one ground for dismissal-"failure to comply with Chapter 14 of the Texas Civil Practices [sic] and Remedies Code." Contrary to the Department's assertion, the trial court's order does not include a separate finding that the merits of Remsburg's suit were frivolous. Neither does it include a finding that his suit was malicious. Consequently, our focus is limited to whether Remsburg satisfied these procedural filing requirements. Because section 14.005(b) calls for a mandatory dismissal (as opposed to the discretionary dismissal provided by section 14.003), for purposes of logical analysis, we *828 begin with an examination of whether Remsburg timely filed his claim following an exhaustion of his administrative remedies.
According to the record, Remsburg filed his Step 1 Offender Grievance Form on December 21, 2015, and by his Affidavit of Grievance System Decisions filed pursuant to section 14.005(a)(1), he avers he received the Department's written decision on January 14, 2016. His Step 2 Offender Grievance Form was then filed on January 20, 2016, and according to his affidavit, he received the Department's written decision on March 7, 2016. In addition to the required affidavit, the clerk's record includes copies of Remsburg's grievances and copies of the Department's decisions.
The Department maintains that Remsburg received a written response to his Step 2 grievance on February 12, 2016-the date the response was signed by the assistant program manager. However, section 14.005(b) specifically recites "the date the inmate receives the written response" as the controlling date for determining whether a suit was timely filed. (Emphasis added). According to Remsburg's affidavit, the date he received the written response was March 7, 2016.[4] Assertions in an affidavit in a chapter 14 proceeding are deemed true if uncontested or there is no evidentiary hearing to challenge those assertions. See generally In re Heredia , 501 S.W.3d 70, 71 (Tex. 2016) (orig. proceeding) (holding that absent a timely challenge to an affidavit of indigence, a party must be allowed to proceed on appeal without payment of costs).
Therefore, Remsburg was required to file his claim within thirty-one days of March 7, 2016-the date he received the Department's final decision according to his unchallenged affidavit. According to his Affidavit of Mailing , on April 1, 2016, he delivered his original petition to the prison mail system. The petition was not, however, file-stamped by the district clerk until April 11th. By the affidavit, he explains that due to employee mishaps, the mailing of his petition was delayed through no fault of his own. See Warner v. Glass , 135 S.W.3d 681, 684 (Tex. 2004) (declining to penalize a pro se litigant for failing to obtain a postmark or a file-stamp when the litigant has timely placed the document in the prison mail system-the only delivery system to which he has access-and holding that an inmate's claim under chapter 14 is deemed filed at the time the prison authorities duly receive the document to be mailed). Under the holding in Warner and based upon Remsburg's unchallenged Affidavit of Mailing , his petition was deemed filed on April 1, 2016, when he placed it in the care of the prison mail system. The April 1 filing occurred twenty-five days after receiving the Department's response to his Step 2 grievance, well within the thirty-one day deadline set by section 14.005(b). Accordingly, we find that Remsburg complied with the procedural requirements of section 14.005 and timely filed his claim.
Because Remsburg filed his claim based upon an affidavit of inability to pay costs, the procedural requirements of section *829 14.004(a) and (b), relating to the filing of an affidavit of previous filings, were triggered. Here, Remsburg identified one previous suit and provided the operative facts, the style of the case, the identity of the parties, and the result of the suit. He noted that he was unable to provide the cause number of the suit because it was among the legal materials that were confiscated during the shakedown. Under the fact of this case, we find Remsburg substantially complied[5] with section 14.004(a) and (b).[6]
Pertaining to the requirement of section 14.004(c) that an inmate's affidavit of inability to pay costs be accompanied by a certified copy of the inmate's trust account statement containing the information required by section 14.006(f), Remsburg averred in his affidavit that he had "approximately 3 cents" in his trust account and he tried to recount other deposits and expenditures. He then referenced "Exhibit 'E' " as his trust account statement for his current balance. Although there was no "Exhibit 'E' " attached to his petition, the clerk's record does contain a "Texas Department of Criminal Justice Records Release" form, dated and filed the same date as Remsburg's petition, in which he authorized the Department "to release records pertaining to my trust fund account" to the Hartley County District Clerk. That form includes a certified copy of Remsburg's trust account statement and shows it was filed on the same date as his affidavit of inability to pay costs.
The fact that a certified copy of Remsburg's trust account statement did not physically accompany the original petition should not operate against him. As the Supreme Court concluded in Edwards Aquifer Auth. v. Chem. Lime, Ltd. , 291 S.W.3d 392, 402-03 (Tex. 2009), the substantial compliance doctrine means compliance with a statute's essential elements. Remsburg's certified copy of his trust account statement filed on the same date as his affidavit of inability to pay costs substantially complies with section 14.004(c). Therefore, we find that Remsburg complied with the essential elements of sections 14.004(c) and 14.006(f).
In the case before us, the only finding in the trial court's dismissal order is a failure to comply with chapter 14. We have found the record establishes that Remsburg substantially complied with the procedural requirements for filing suit under chapter 14. Consequently, the trial court abused its discretion in dismissing Remsburg's suit with prejudice for "failure to comply with Chapter 14." Issue one is sustained. Given our disposition of this appeal, a discussion of Remsburg's remaining issues is not required. TEX. R. APP. P. 47.1.[7]
CONCLUSION
The trial court's order dismissing Remsburg's suit with prejudice is reversed and *830 the cause is remanded for further proceedings consistent with this opinion.

Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001 -.109 (West 2011 & Supp. 2017).

A "blue box" is a sizing container.

Unless otherwise designated, all references in this opinion to "section" or "§" are to chapter 13 or chapter 14 of the Texas Civil Practice and Remedies Code.

For his Step 1 grievance, the "OFFICE USE ONLY" box located in the top right-hand corner of the form shows a "Date Retd to Offender" line which indicates that Remsburg received his response on January 12, 2016, but Remsburg notes in his affidavit that he actually received the response on January 14th because Department policy allows delivery up to forty-eight hours later. On his Step 2 grievance form, the "OFFICE USE ONLY" box in the top right-hand corner does not include a space for "Date Retd to Offender." The bottom of page two of the form, however, does include an "OFFICE USE ONLY" box with a line for "Date Returned to Offender" but it is blank.

Although "substantial compliance" lacks a comprehensive definition, the Supreme Court has assumed that the doctrine means compliance with a statute's essential elements. See Edwards Aquifer Auth. v. Chem. Lime, Ltd. , 291 S.W.3d 392, 402-03 (Tex. 2009).

Section 14.004(b) does not apply to Remsburg.

Remsburg's sixth issue in which he complains that the trial court erroneously dismissed his suit "with prejudice" is subsumed in our analysis of issue one. Remsburg also complained of the trial court's failure to file findings of fact and conclusions of law. However, findings of fact and conclusions of law do not apply to inmate litigation dismissed under chapter 14. Timmons v. Luce , 840 S.W.2d 582, 586 (Tex. App.-Tyler 1992, no writ) ; Chapin v. Tex. Dep't of Crim. Justice , No. 14-03-00972-CV, 2004 WL 832893, at *3, 2004 Tex. App. LEXIS 3485, at *9 (Tex. App.-Houston [14th Dist.] April 20, 2004, no pet.) (mem. op.).