

# NUMBER 13-19-00072-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

SALVADOR ZAVALA,                                                       **Appellant,**

**v.**

JUAN R. MACIAS, RAFAEL MENCHACA,
COREY FURR, GRIEVANCE INVESTIGATORS
ID# 1950 AND 1722, K. GAITAN, AND TDCJ-CID,                  **Appellees.**

## On appeal from the 36th District Court
## of Bee County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Perkes, and Tijerina
### Memorandum Opinion by Justice Benavides

Appellant Salvador Zavala appeals the trial court's order dismissing his lawsuit

against appellees, Juan R. Macias, Rafael Menchaca, Corey Furr, Grievance

Investigators ID# 1950 and 1722, K. Gaitan, and Texas Department of Criminal Justice–

Criminal Institutional Division (TDCJ-CID) for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005. In his sole issue, Zavala argues that the trial court abused its discretion by dismissing his claims. We affirm.

## I.     BACKGROUND

Zavala is an inmate at TDCJ-CID in the McConnell Unit in Beeville, Texas. Zavala alleges that a corrections officer seized Zavala's gym shorts on the basis that they were "altered" and the officer filed a "bogus" disciplinary complaint against Zavala that was later dismissed. Zavala complains that his gym shorts were never returned.

Zavala filed his Step 1 Grievance on January 11, 2018 regarding the January 5, 2018 confiscation of his allegedly altered gym shorts. The issue was that the shorts had pockets added to them. Zavala sought their return. The Step 1 Grievance was denied and returned to Zavala on April 16, 2018. Zavala filed his Step 2 Grievance on April 19, 2018. It was denied on July 5, 2018 which exhausted his administrative remedies. An inmate has thirty-one days to file suit after he exhausts his administrative remedies but Zavala did not file suit until August 21, 2018, after the deadline. *See id.* § 14.005(b). The Attorney General pointed out the missed deadline in its advisory to the trial court dated October 29, 2018. On January 16, 2019, the trial court entered an order dismissing as frivolous all claims against appellees for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* ch. 14. This appeal followed.

## II.     CHAPTER 14 INMATE LITIGATION

In Zavala's sole issue, he contends that the trial court abused its discretion by

dismissing his claims because they have merit.

## A. Standard of Review

The Court reviews the dismissal of inmate lawsuits for abuse of discretion. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied). To establish an abuse of discretion, the appellant must show that the trial court's actions were arbitrary or unreasonable considering all surrounding circumstances. *See Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984); *see also Readeaux v. Velasquez*, No. 13-13-00217-CV, 2013 WL 4399189, at *1 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (mem. op.).

## B. Analysis

The prison grievance system provides an administrative remedy for claims that would consume valuable judicial resources with little offsetting benefit. *Diles v. Henderson*, 76 S.W.3d 807, 810 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *see Amir-Sharif v. Quarterman*, No. 13-09-00504-CV, 2010 WL 3279501, at *2 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (mem. op.). Chapter 14 includes deadlines within the grievance system and for filing suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) ("A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.").

A violation of "section 14.005(b) calls for a mandatory dismissal." *Remsburg v. Marquez*, 542 S.W.3d 823, 827 (Tex. App.—Amarillo 2018, no pet.); *see also Moorhead v. Salinas*, No. 13-18-00367-CV, 2019 WL 2847447, at *1 (Tex. App.—Corpus Christi–Edinburg July 3, 2019, no pet.) (mem. op.) ("Suits that are not filed within the allotted time

3

frame are barred from proceeding."). Because Zavala's suit was filed more than 31 days after his Step 2 grievance was returned, the trial court had no discretion other than to dismiss the suit. *See Remsburg*, 542 S.W.3d at 827.

We overrule Zavala's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Delivered and filed the
9th day of April, 2020.

4