

# NUMBER 13-21-00385-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DANIEL AIELLO,                                                          Appellant,

v.

FRED SOLIS – REGION IV PAROLE
BOARD MEMBER, ET AL.,                                        Appellees.

On appeal from the 156th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Daniel Aiello appeals the trial court's order granting appellees Fred Solis and David Gutierrez's plea to the jurisdiction and motion to dismiss. We affirm the trial court's order as modified.

# I. BACKGROUND

At all times relevant to this case, appellant was an inmate incarcerated in the McConnell Unit of the Texas Department of Criminal Justice Correctional Institutions Division in Beeville, Texas. Proceeding pro se and *in forma pauperis*, appellant filed his petition on September 15, 2020, alleging causes of action against: (1) Solis, a Region IV parole board member; (2) Richard Aiello, a parole officer[1]; and (3) Gutierrez, chair of the Texas Board of Pardons and Paroles.

Appellant claims that his constitutional rights and the rules and procedures governing parole hearings were violated when his parole was denied in May 2019. Appellant challenged the decision to deny his parole on the grounds that: (1) Solis had a conflict of interest when he "voic[ed] an opinion or vot[ed] on" appellant's parole review because Solis was a former police officer, appellant was convicted of aggravated assault on a police officer, and "police officers . . . are brotherhoods forever"; (2) Richard Aiello had a conflict of interest when he denied appellant "special review for parole" because the two share "a rare and uncommon [last] name which originated in Italy," and thus Richard Aiello was a "family member with an apparent grudge" against appellant; (3) Gutierrez, "acting under color of state law," was derelict in his duties to "observe and correct parole board members' conduct and to monitor [his] parole board members' job performance"; and (4) "the components to deny parole[2] are ambiguous and do not

---

[1] The trial court granted appellant's motion to dismiss defendant Richard Aiello from the suit on September 29, 2021. Accordingly, Solis and Gutierrez are the only appellees in this case.

[2] The "components to deny parole" listed in the Board of Pardons and Paroles "decision not to

2

provide the opportunity to discharge them ever" and "are basic[al]ly a frivolous excuse to deny parole and offer no plan for rehabilitation." Appellant sought a new parole hearing "with unbiased[ed] and unprejudice[d] parole board members," and "an injunction moving the Texas Board of Pardons and Parole[s] to comply with all Texas administration codes, state laws[,] and the U.S. Constitution concerning due process and equal and fair treatment during all parole proceedings."

Appellees filed their "Plea to the Jurisdiction and Motion to Dismiss Pursuant to Chapter 14" of the Texas Civil Practice and Remedies Code, arguing: (1) that the trial court lacked subject matter jurisdiction over appellant's claims because they are based on "irregularities occurring during parole proceedings," which were required to be raised "by way of a post-conviction application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure"; or alternatively, (2) that appellant's claims should be dismissed as frivolous or malicious under Chapter 14. After holding a hearing on appellees' plea to the jurisdiction and motion to dismiss, the trial court granted the plea

---

grant parole" form are as follows:

(1D) The record indicated that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release.

(2D) The record indicates the instant offense has the element[] of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety.

(3D) The record indicates excessive substance use involvement.

(7D) The record indicates that the length of time served by the offender is not congruent with offense severity and criminal history.

(11D) Other – Multi State Offender/Extensive History.

3

and motion and dismissed all of appellant's claims with prejudice. Appellant filed a "motion for new trial to vacate, modify, [or to] correct [the] judgment rendered without jurisdiction" arguing that the trial court erred by dismissing his claims with prejudice. The trial court denied appellant's motion, and this appeal followed.

## II.    DISCUSSION

On appeal, appellant concedes that the trial court lacked jurisdiction to hear his claims but argues that the court erred by dismissing his claims "with prejudice." Appellant contends that the dismissal of his claims with prejudice deprives him of his "guaranteed right to due process and equal protection by law" by "unjustly disposing of [his] claims and bar[ring] future action."

## A.    Standard of Review & Applicable Law

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without considering whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject-matter jurisdiction. *Id.* Whether a trial court has subject-matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has met his burden to allege facts affirmatively demonstrating the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus. v.*

*Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate jurisdiction, then the plea may be granted without affording the plaintiff this opportunity. *Id.* at 227.

To control frivolous, malicious, and excessive inmate litigation, the Legislature enacted Chapter 14 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. Chapter 14 governs inmate litigation in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. *See id.* An inmate proceeding pro se and *in forma pauperis* must comply with the statutory requirements outlined in Chapter 14. *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Should the inmate fail to do so, the trial court may dismiss his suit. *Remsburg v. Marquez*, 542 S.W.3d 823, 825–26 (Tex. App.—Amarillo 2018, no pet.). We review the dismissal of inmate lawsuits under Chapter 14 for an abuse of discretion. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014; *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied); *see also McCann v. TDCJ-CID*, No. 13-19-00203-CV, 2019 WL 4866045, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 3, 2019, no pet.) (mem. op.). A trial court abuses its discretion if it "act[s] without reference to guiding rules and principles to such an extent that its ruling was arbitrary or unreasonable." *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46

5

(Tex. 2021) (quoting *Nath v. Tex. Child.'s Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014)).

Texas courts have held that a person alleging irregularities occurring during parole proceedings must raise those issues by way of a post-conviction application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995) (per curiam) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07); *see also McBride v. Theilke*, No. 03-20-00073-CV, 2021 WL 1704259, at *3 (Tex. App.—Austin Apr. 30, 2021, pet. denied) (mem. op.) ("A writ of habeas corpus is the exclusive remedy for addressing the alleged irregularities in the parole revocation proceedings and for asserting claims that [appellant]'s confinement has been extended as the result of unlawful discrimination."); *Thompson v. Aliseda*, No. 13-08-00417-CV, 2009 WL 200994, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 29, 2009, pet. denied) (mem. op.) ("In the present case, [appellant] essentially argues that he was denied parole and his confinement was extended because the Board of Pardons and Paroles engaged in various forms of discrimination. As such, [appellant] should have asserted his claims in a petition for writ of habeas corpus."); *Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 167–68 (5th Cir. 1994) (noting that an inmate's challenge to the "fact or duration" of his confinement or to "the result of a single defective parole hearing" must be brought via writ of habeas corpus (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973))). Article 11.07 provides that the Texas Court of Criminal Appeals retains the exclusive authority to grant relief in such proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Bd. of Pardons & Paroles*, 910 S.W.2d at 484.

6

**B.     Analysis**

In his petition, appellant effectively contends that his parole hearing was defective, his parole was denied, and his confinement was thus extended because appellees had conflicts of interest and utilized illegal components when evaluating his fitness for parole. Consequently, we agree with both parties that the court of criminal appeals retains the exclusive jurisdiction to address appellant's allegations. *See Preiser*, 411 U.S. at 500; *Cook*, 37 F.3d at 168; *Bd. of Pardons & Paroles*, 910 S.W.2d at 483; TEX. CODE CRIM. PROC. ANN. art. 11.07. But appellant argues the trial court erred by dismissing his claims "with prejudice." We agree.

"Once a trial court learns that it lacks jurisdiction, it becomes the duty of the court to dismiss the cause or claim without rendering a judgment on the merits." *Black v. Jackson*, 82 S.W.3d 44, 56 (Tex. App.—Tyler 2002, no pet.) (citing *Li v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 984 S.W.2d 647, 654 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)). It is "well established that a dismissal with prejudice functions as a final determination on the merits" and operates as if the case had been fully tried and decided. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (per curiam); *see El Pistolon II, Ltd. v. Levinson Alcoser Assocs., L.P.*, 627 S.W.3d 494, 500 n.2 (Tex. App.—Corpus Christi–Edinburg 2021, pet. filed) ("A dismissal with prejudice operates as res judicata to bar the dismissed claims."); *Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied) ("[O]rders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties."). Consequently, "a dismissal with prejudice

7

for lack of subject matter jurisdiction constitutes error." *Jackson*, 82 S.W.2d at 56 (citing *Mossler*, 818 S.W.2d at 754).[3]

A trial court's dismissal of an inmate's Chapter 14 claims should be without prejudice if the inmate's error can be remedied. *See Pena v. McDowell*, 201 S.W.3d 665, 666 (Tex. 2006) ("Under Texas Law, [an inmate's failure to list, with particularity, the operative facts of any suit previously filed in forma pauperis] may be corrected through an amended pleading, so a dismissal with prejudice is not appropriate."); *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect."); *Leachman v. Dretke*, 261 S.W.3d 297, 306 (Tex. App.—Fort Worth 2008, no pet.) ("Whether the trial court abused its discretion by dismissing [appellant]'s [Chapter 14] claims with prejudice depends on whether [appellant]'s errors could be remedied."); *Skinner*, 54 S.W.3d at 847

---

[3] In their brief on appeal, appellees cite this Court's 1976 *Cowgill v. White* opinion to argue that the trial court did not err by dismissing appellant's claims "with prejudice." *See* 543 S.W.2d 437 (Tex. App—Corpus Christi–Edinburg 1976, writ ref'd n.r.e.). We noted in *Cowgill* that "as a general rule, a dismissal with prejudice is res judicata and is conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff." *Id.* at 439. We stated, however, that "this action by the trial court must be narrowly construed to mean only that this judgment is res judicata to any further attempts by the plaintiff to bring this same cause of action in a" court without proper jurisdiction. *Id.* We continued, "It is the well settled law of this State that a judgment dismissing a suit for want of jurisdiction cannot be res judicata as to the merits and does not bar a plaintiff from bringing action on the same cause in a court having jurisdiction." *Id.* at 440. Accordingly, we concluded that the trial court's judgment dismissing appellant's claims for want of jurisdiction with prejudice "was not error." *Id.* In essence, we held that it matters not whether the order contains the words "with prejudice" or "without prejudice" because, either way, a dismissal for want of jurisdiction will not bar a future action on the merits in a court with proper jurisdiction.

The more recent cases place more significance on the trial court's designation of a dismissal as "with prejudice." *See, e.g.*, *McLean v. Livingston*, 486 S.W.3d 561, 564 (Tex. 2016); *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991); *Black v. Jackson*, 82 S.W.3d 44, 56 (Tex. App.—Tyler 2002, no pet.). In any event, whether or not *Cowgill* controls, the ultimate effect of this case's outcome is unchanged: appellant may raise his claims in the court of criminal appeals.

(holding that trial court erred by dismissing inmate's claims with prejudice because inmate's "failure to comply with [C]hapter 14 could have been remedied through amendment"); *Knight*, 52 S.W.3d at 295–96 ("When an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's suit, it should consider whether the suit was dismissed with prejudice and if the suit was, determine whether the inmate's error could be remedied through more specific pleading."); *Hickman*, 35 S.W.3d at 124–25 ("[W]hen reviewing whether the district court abused its discretion in dismissing the inmate's suit, the appellate court should consider whether the suit was dismissed with prejudice and if it was, determine whether the inmate's error could be remedied.").[4]

The trial court lacked subject matter jurisdiction to hear appellant's claims and so it did not err by granting appellees' plea to the jurisdiction and motion to dismiss. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Bd. of Pardons & Paroles*, 910 S.W.2d at 484. However, the court should have dismissed appellant's claims without prejudice, as he may properly file his claims by way of a post-conviction application for writ of habeas corpus in the court of criminal appeals. *See Sykes*, 136 S.W.3d at 639; *Jackson*, 82

---

[4] In *Crain v. Prasifka*, this Court held that the dismissal of an inmate's suit under § 14.005 for the failure to exhaust administrative remedies should have been "without prejudice" because "[a] dismissal for failure to comply with the conditions in [§] 14.005 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under [C]hapter 14." 97 S.W.3d 867, 870 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied). However, after we decided *Crain*, the Texas Supreme Court clarified the law regarding this matter in *Pena v. McDowell*, 201 S.W.3d 665, 665–66 (Tex. 2006) (per curiam). In *Pena*, the trial court dismissed an inmate's suit with prejudice as "frivolous or malicious" because the inmate failed to comply with the § 14.004 filing requirements—specifically, for failing to list the operative facts of any suit previously filed pro se by the inmate. *See id.* The court of appeals affirmed the dismissal but reformed the judgment to read "without prejudice." *Id.* at 665. The Texas Supreme Court held that "[u]nder Texas law, [a dismissal for failure to comply with § 14.004] may be corrected through an amended pleading, so a dismissal with prejudice is not appropriate." *Id.* at 666; *see McLean v. Livingston*, 486 S.W.3d 561, 564 (Tex. 2016). Accordingly, we follow the relevant supreme court authority herein.

S.W.2d at 56; *Skinner*, 54 S.W.3d at 847. Accordingly, we modify the trial court's order by deleting the words "with prejudice" and substituting the words "without prejudice to Plaintiff's filing his claims in a court with proper jurisdiction." *See* TEX. R. APP. P. 43.2(c) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified.").[5]

## III. CONCLUSION

We affirm the trial court's order as modified.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
28th day of April, 2022.

---

[5] Appellant filed a "motion of objection to brief of appellees" on April 13, 2022, which we deny.